This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**INARA CEDRINS,**

Plaintiff-Appellant,

v.                                                                                    **NO. 29,952**

**GEORGE ADELO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Inara Cedrins
Cerrillos, NM

Pro Se Appellant

George Adelo
Santa Fe, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Plaintiff appeals, pro se, from the district court's order dismissing her complaint with prejudice. Unpersuaded that Plaintiff established error, we issued a notice of proposed summary disposition, proposing summary affirmance. Plaintiff has

responded to our notice, which we have given due consideration. Plaintiff's response does not satisfy her burden of establishing error. We, therefore, affirm.

On appeal, Plaintiff challenges the district court's dismissal of her complaint, arguing that she presented evidence to support her claim for legal malpractice against Defendant. [DS 12-13] Our notice observed that Plaintiff's docketing statement did not explain what evidence she presented to support her assertions, how that evidence supported her allegations of legal malpractice, what Defendant argued and presented to support his assertions, and the grounds for the district court's ruling.

In response to our notice, Plaintiff contends that her docketing statement was sufficient under the Rules of Appellate Procedure, and that to the extent that the record does not reveal what evidence she presented, this Court should have requested that evidence. [MIO 1] Plaintiff misunderstands her burden and obligations as the appellant. We reiterate the warnings contained in our notice. The appellate court presumes that the district court is correct, and the appellant has the burden of clearly establishing error. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990). As part of this burden and to comply with our Rules of Appellate Procedure, it is incumbent on the appellant to provide this Court with all the facts necessary for us to decide the issues he or she raises on appeal. Rule 12-208(D)(3), (4) NMRA. This obligation to provide us with all material facts, includes

2

the obligation to apprise this Court of the facts that support the district court's ruling. *See Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984). These obligations in our calendaring system are particularly important because the docketing statement serves as a substitute for a complete record of the proceedings below. *See State v. Talley*, 103 N.M. 33, 39, 702 P.2d 353, 359 (Ct. App. 1985) (order & order to show cause). Where an appellant fails "to provide us with a summary of all the facts material to consideration of [his or her] issue, as required by [the rules], we cannot grant relief on [that] ground." *State v. Chamberlain*, 109 N.M. 173, 176, 783 P.2d 483, 486 (Ct. App. 1989). Pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84.

Plaintiff's response to our notice does not supply this Court with the information we explained was missing from the docketing statement and unclear from the record. Plaintiff recounts the same list of alleged neglectful conduct [MIO 1-3], but offers no context for the allegations, does not explain why that conduct constitutes legal neglect of the standard of care, and how the conduct resulted in and was the proximate cause of loss to her. *See Rancho Del Villacito Condos., Inc. v. Weisfeld*, 121 N.M. 52, 55-56, 908 P.2d 745, 748-49 (1995) (describing the elements that must be satisfied to establish a claim of legal malpractice). Further, Plaintiff does not

explain what Defendant argued and presented to defend against her claims. Plaintiff's response continues to make the conclusory assertion that she presented evidence that Defendant failed to adequately represent her. [MIO 1, 3]

As we pointed out in our notice, the district court found that Plaintiff had unreasonable expectations for the outcome of the trial and for Defendant and his staff, that Plaintiff did not establish that Defendant's representation fell below the standard of care for a reasonably well-qualified attorney, and that there was nothing Defendant did or failed to do that caused Plaintiff to lose the case. [RP 129] Plaintiff does not specifically discuss these concerns of the district court or the basis for these statements. We do not presume the district court's conclusions were baseless. This is precisely why Plaintiff had an obligation to set forth the arguments made below and explain why her arguments should have prevailed.

We also observed that the record suggested that Plaintiff partly represented herself, not relying solely on Defendant for her representation, in what appears to be an agreement between the parties about their attorney-client relationship. [RP 55-61, 79-98] Plaintiff does not specifically respond to this concern, and the extent of the parties' obligations with regard to Plaintiff's representation continues to be unclear.

Contrary to her burden on appeal, Plaintiff has not clearly demonstrated error. We, therefore, affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**LINDA M. VANZI, Judge**