665 P.2d 275

**In the Matter of Benjamin K. HORTON, Attorney at Law.**

**No. 14661.**

Supreme Court of New Mexico.

Jan. 7, 1983.

**ORDER OF DISBARMENT**

After the hearing, the Disciplinary Board of the Supreme Court (Board) submitted its Decision and Recommendations to this Court in which they recommended that Attorney Benjamin K. Horton (Horton) be disbarred on nine charges that they found to have been proved by clear and convincing evidence in violation of the Code of Professional Responsibility; Canons and Disciplinary Rules, Rules 1–101 through 9–102, N.M.S.A.1978 (Repl.Pamp.1982) (Code). The findings of the Board's committee are summarized as follows:

1. The Board found that Horton signed a settlement check and a release of liability without the consent of his clients, Lydia and Nick Arambula, and thereby engaged in conduct which involved dishonesty, fraud, deceit and misrepresentation directly affecting his clients and opposing counsel, which was prejudicial to the administration of justice, in violation of Rules 1–102(A)(4) and (5) of the Code.

2. The Board found that Horton loaned money to his client, Danny Rodriguez, on several occasions for purposes other than those related to the litigation in which he was representing Danny Rodriguez in violation of Rule 5–103(B) and that Horton misrepresented to his client the amount of the settlement which would accrue to the client thereby engaging in conduct which involved dishonesty, fraud, deceit and misrepresentation and which was prejudicial to the administration of justice contrary to Rule 1–102(A)(4) and (5) and which prejudiced or damaged his client during the course of the professional relationship contrary to Rule 7–101(A)(3) of the Code.

3. The Board found that Horton charged his client, Dennis Schummer, an illegal fee in a workmen's compensation case contrary to Section 52-1-54(A), N.M.S.A.1978, by basing his 10% attorney's fee on workmen's compensation benefits not attributable to Horton's benefits but rather, which were voluntarily paid to the client by the employer. This conduct prejudiced or damaged his client in violation of Rule 2–106(A) and (B), and damaged the profes-

sional relationship contrary to Rule 7–101(A)(3) of the Code.

4. and 5. The Board found that Horton made loans to his client, Horace Johns, in varying amounts for purposes unrelated to the advancement of Johns' litigation thereby violating Rule 5–103(B) of the Code.

6. The Board found that Horton made numerous loans to his client, James Wade, which were unrelated to the expenses of litigation of Wade's case thereby violating Rule 5–103(B) of the Code.

7. The Board found that Horton represented to his client, Mary Ann Key, that he would charge 10% of the settlement sum (the statutory limit under Section 52–1–54, N.M.S.A.1978), if the workmen's compensation case involving the death of her husband was settled out of court and that he also represented to her that the fee would be "over and above" the amount of benefits to be received by the client. However, in settling the case, Horton accepted a fee in excess of the amount fixed by statute and which was deducted from the benefits received by the client.

Horton, therefore, charged a fee that was illegal, excessive and contrary to the agreements with his client in violation of Rules 2–106(A) and (B) of the Code. By misrepresenting the manner in which he would be compensated, Horton perpetrated a fraud on his client in violation of Rule 1–102(A)(4) of the Code and thereby prejudiced the interests of his client in violation of Rule 7–101(A)(3) of the Code.

8. The Board found that Horton in representing his client, Elaine Edgington, fixed his attorney's fee on a settlement sum which included $3,061.00 in medical benefits that had not been recovered from the insuror and which his client was precluded from receiving because of the release signed by her. Horton later sought to recover $3,061.00 from the insurer in an action which was dismissed for failure to prosecute; however, Horton never informed his client that the suit had been dismissed. Despite demands for accounting and for reimbursement, Horton did not return that portion of the fee based on the unrecovered

sums until a complaint alleging a violation of the Code had been filed. Horton's conduct in collecting fees on amounts that had not been actually recovered for the client violated Rule 2–106(A) and (B) of the Code in that he collected a clearly excessive fee; further, Horton's conduct prejudiced or damaged his client in violation of Rule 7–101(A)(3) of the Code.

9. The Board found that Horton made money advances and loans to his client, Buster Archie, for purposes unrelated to Archie's litigation thereby violating Rule 5–103(B) of the Code.

Upon these findings, the Board recommended to this Court that Benjamin K. Horton be disbarred.

In attacking the Board's recommendations, Horton cites *In Re Martin,* 67 N.M. 276, 281, 354 P.2d 995, 998 (1960), which held that:

> The law is well settled in this jurisdiction that the evidence to sustain a charge of unprofessional conduct against a member of the bar, where in his testimony under oath he has fully and completely denied the asserted wrongful act, must be clear and convincing and *that degree of evidence does not flow from the testimony of one witness unless such witness is corroborated to some extent, either by facts or circumstances.* (Citations omitted.) [Emphasis added.]

We do not read *Martin* to invest a lawyer with a presumption of credibility as against another person in a case in which their respective testimonies may conflict. Rather, *Martin* reflects the greater evidentiary demands associated with the "clear and convincing" standard of proof. Compare the similar rule in cases where perjury is alleged. *State v. Naranjo,* 94 N.M. 413, 611 P.2d 1107 (Ct.App.1979), *aff'd in part and rev'd in part,* 94 N.M. 407, 611 P.2d 1101 (1980).

In *Martin,* there was absolutely no corroboration of the testimony by the opposing witness which could be found; hence, the rule favored the sworn denial of the lawyer. In the present case, however, substantial corroborating evidence appears in the rec-

ord to support the findings of the hearing committee of the Board that the charges were proven by clear and convincing evidence. Further, the Board specifically found that the testimony of Horton was not credible in many particulars.

We are of the opinion that the findings of the hearing committee of the Board with respect to clients Johns, Wade and Archie do not singly or in combination, support the Board's recommendation that Benjamin K. Horton be disbarred.

We are of the opinion, however, that the findings of the hearing committee of the Board with respect to clients Arambula, Rodriguez, Schummer, Key and Edgington, either singly or in combination, clearly support the Board's recommendation that Benjamin K. Horton be disbarred.

IT IS THEREFORE ORDERED that Benjamin K. Horton be and hereby is disbarred and his license to practice law in New Mexico be and hereby is revoked upon filing of this order.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court forthwith strike the name of Benjamin K. Horton from the roll of those persons permitted to practice law in New Mexico and that the Clerk cause this Order of Disbarment to be published and made known to the bench, bar and public.