This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LAURA WALRAVEN,**

     Petitioner-Appellant,

v.                    **NO. 32,842**

**JAMES SMITH, JR.,**

     Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene Marsh, District Judge**

Laura Walraven
Farmington, NM

Pro Se Appellant

Bradford Dalley
Farmington, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Appearing pro se, Petitioner, Laura Walraven (Mother), appeals from the district court's order finding Mother in contempt of court, suspending all previous

custody and visitation orders, and establishing a new visitation schedule for Mother. [RP 346, 352-53]  Mother also challenges the district court's order to the extent that it implicitly denied her motion for reconsideration of the court's earlier order awarding primary physical custody of Child to Respondent, James Smith, Jr. (Father). [RP 327, 330]  We issued a notice proposing to summarily affirm and Mother filed an objection, in which she raised additional arguments.  We construe Mother's objection as a memorandum in opposition and a motion to amend the docketing statement.  We deny Mother's motion to amend the docketing statement and affirm.

## A.     MEMORANDUM IN OPPOSITION

{2}     In our notice, we stated that Mother appeared to be challenging the district court's custody determination because (1) she was not represented by counsel in the district court; (2) she did not have the opportunity to retain an expert witness to testify on her behalf; and (3) the district court did not hear testimony from Child's counselor at the hearing on March 12, 2013.  We proposed to affirm with respect to all of these issues.  Mother does not address the second and third issues in her memorandum in opposition and we thus deem them abandoned.  *See Taylor v. Van Winkle's Iga Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned).

{3} Mother continues to argue that the district court erred in granting her attorney's motion to withdraw and in failing to appoint an attorney on her behalf. Specifically, she contends the district court abused its discretion in failing to hold a hearing on the motion and in granting the motion in light of the fact that Mother paid her attorney "thousands of dollars" to represent her. [MIO ¶¶ 3, 4] She also contends the district court should have appointed an attorney to represent her because the actions that have taken place in this case are "tantamount to terminating [Mother's] parental right[s.]" [MIO ¶ 7]

{4} We perceive no error in the district court's grant of Mother's attorney's motion to withdraw. As an initial matter, Mother does not point to any authority which would require the district court to hold a hearing on an unopposed motion to withdraw, and we are aware of none. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel."). With respect to the merits, we perceive no error in the district court's grant of the motion. Mother's attorney stated, as grounds for the motion, that Mother "no longer wishes that I represent her" and that she refunded the money she had held in trust for Mother. [RP 267] Father's attorney stated in a subsequent pleading that Mother "fired her attorney[.]" [RP 273] Mother

does not provide us with any authority supporting her argument that it was error for the district court to grant her attorney's motion on these facts, and we are aware of none. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2.

{5}     We also perceive no error in the fact that the district court allowed Mother to proceed pro se and did not appoint counsel on her behalf. As we mentioned in our notice, a party does not have the right to appointed counsel in civil cases. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84. The fact that Mother faced a potential change to her custody and visitation arrangements in this case, which she initiated, does not make this case analogous to a case in which the State seeks to terminate a parent's parental rights. Mother does not provide us with any authority supporting her argument, and we are aware of none. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2.

{6}     To the extent that Mother contends the district court erred in refusing to grant her a continuance in order to obtain new counsel, the record does not reflect that Mother requested a continuance and we thus conclude that this argument has not been preserved for our review. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 ("In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the

mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked." (internal quotation marks and citation omitted)).

**B.    MOTION TO AMEND**

{7}    In addition to making arguments with respect to the district court's grant of her attorney's motion to withdraw, Mother raises four additional issues in her motion to amend the docketing statement.  First, she contends the district court abused its discretion in requiring her to share the results of her court-ordered psychiatric examination report with the entity responsible for supervising her visitation with Child.  [MIO ¶ 6]  Second, she contends the district court erred in relying on her statement that she would not follow the court's orders because that "was not what I meant[.]"  [MIO ¶ 8]  Third, she contends the district court erred "by not putting [Child's] best interest over her personal bias, dislikes, and contempt for me and my [d]isability[.]"  [MIO ¶ 10]  Fourth, she contends the district court erred in finding her in contempt of court for failing to appear at a hearing about which she did not receive notice.  [MIO ¶ 11]

{8}    With respect to the first issue, we see no evidence in the record that Mother preserved this issue by raising it in the district court, and thus do not consider it.  *See* *Varela*, 1999-NMSC-045, ¶ 25.

5

{9} With respect to the second issue, we perceive no error in the district court's reliance on Mother's statement in open court that she would not abide by any order of the court. [RP 327, ¶ 2] Mother does not deny making this statement and cites no authority supporting her position. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2.

{10} With respect to the third issue, we perceive no evidence of personal bias in the district court's ruling, and no evidence that the district court acted in a way that was inconsistent with Child's best interests. A party must present a reasonable factual basis for doubting a judge's impartiality, *see State ex rel. Bardacke v. Welsh*, 1985-NMCA-028, ¶ 62, 102 N.M. 592, 698 P.2d 462, and Mother has not satisfied this burden.

{11} With respect to the fourth issue, we disagree with Mother's characterization of the basis for the district court's contempt finding. She contends the district court found her in contempt because she failed to appear at the hearing on Father's motion for an order to show cause. [MIO ¶ 11] The record reflects, however, that the district court found Mother in contempt because she failed to exchange Child with Father as agreed upon. This was the basis for Father's motion for an order to show cause and the court heard evidence on this issue at the order to show cause hearing. [RP 335, 346-51] Mother does not contest the veracity of the evidence presented to the district court with respect to this issue and we perceive no clear error or deficiency in the

6

district court's findings with respect to notice. *See Herrera v. Roman Catholic Church*, 1991-NMCA-089, ¶ 14, 112 N.M. 717, 819 P.2d 264 ("Unless clearly erroneous or deficient, findings of the trial court will be construed so as to uphold a judgment rather than to reverse it.").

{12} Because we conclude that the additional issues Mother seeks to raise were either not preserved or are not viable, we deny her motion to amend. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309 (explaining standard for granting a motion to amend); *see also State v. Moore*, 1989-NMCA-073, ¶ 44, 109 N.M. 119, 782 P.2d 91 (stating that we will deny a motion to amend that raises issues that are not viable), *superseded by statute on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 837 P.2d 730.

**CONCLUSION**

{13} For the reasons stated above and in our previous notice, we affirm the district court's order finding Mother in contempt of court, suspending all previous custody and visitation orders, and establishing a new visitation schedule for Mother.

{14} **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**M. MONICA ZAMORA, Judge**