This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      NO. 35,523

**CHERYL AKERS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant appeals her convictions for aggravated assault upon a peace officer (deadly weapon), tampering with evidence, and resisting, evading, or obstructing an

officer. We issued a calendar notice proposing to affirm. Defendant has responded with a motion to amend the docketing statement and a memorandum in opposition. We hereby deny the motion to amend. We affirm.

**MOTION TO AMEND**

**{2}**     Defendant has filed a motion to amend the docketing statement to add a new issue. [MIO 2] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{3}**     Here, Defendant claims that double jeopardy precluded her conviction for tampering with evidence because it was a mere continuation of the conduct that supported her conviction for resisting, evading, or obstructing. [MIO 2] In effect,

Defendant is arguing that the conduct was unitary. When determining whether [a d]efendant's conduct was unitary, we consider whether [the d]efendant's acts are separated by sufficient indicia of distinctness. *State v. DeGraff*, 2006-NMSC-011, ¶ 27, 139 N.M. 211, 131 P.3d 61 (internal quotation marks and citation omitted). "Conduct is unitary when not sufficiently separated by time or place, and the object and result or quality and nature of the acts cannot be distinguished." *State v. Silvas*, 2015-NMSC-006, ¶ 10, 343 P.3d 616.

{4} The conduct in this case supporting the charges was not unitary. The tampering conviction was based on the abandonment of the motor vehicle that was used in the altercation, which took place in a completely different area. [RP 79; MIO 3-4] The obstruction conviction was based on Defendant's obstruction of an officer who was attempting to arrest her husband. [RP 80] As such, the conduct was not unitary.

**JURY INSTRUCTION**

{5} Defendant has abandoned this issue. [MIO 1, fn. 1]

**SUFFICIENCY OF THE EVIDENCE**

{6} Defendant continues to claim that the evidence was insufficient to support her conviction for tampering with evidence. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that

each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations omitted).

**{7}** In order to convict Defendant, the evidence had to show that Defendant hid or placed a motor vehicle in an effort to avoid apprehension, prosecution, or conviction. [RP 79] Here, the vehicle in question was the instrument that constituted the deadly weapon for the assault charge. [RP 78] The vehicle apparently belonged to someone else, and the evidence indicates that Defendant abandoned the vehicle with the keys inside and that she spent two nights nearby hiding in a ditch. [RP 125, 128; MIO 4] A jury could reasonably conclude that Defendant intentionally disassociated herself from the vehicle by abandoning it and sleeping in the ditch.

**{8}** For the reasons set forth above, affirm.

**{9}** **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**STEPHEN G. FRENCH, Judge**