1999-NMCA-051

980 P.2d 84

**Deron A. BRUCE, Plaintiff–Appellee,**

v.

**Ralph LESTER, Defendant–Appellant.**

No. 20,038.

Court of Appeals of New Mexico.

March 5, 1999.

Mark S. Sweetman, Clovis, for Appellee.

Ralph N. Lester, Hobbs, Appellant pro se.

*OPINION*

BUSTAMANTE, Judge.

{1} Defendant, appearing pro se, appeals the judgment entered against him as a result of an automobile accident. Plaintiff was awarded $150,000 in damages as a result of the accident. We proposed to affirm in a calendar notice and Defendant filed a memorandum in opposition to our proposed disposition. We are not persuaded by Defendant's arguments. Therefore, we affirm.

{2} On February 10, 1996, Plaintiff was traveling west along Bender Boulevard in Hobbs, New Mexico. At the same time, Defendant was traveling east on Bender Boulevard. There was testimony that the accident occurred at approximately 6:00 p.m. in the evening, it was dark, and Defendant

was not using his headlights. As Plaintiff attempted to make a left-hand turn from Bender Boulevard, the vehicles collided and Plaintiff's vehicle overturned. Defendant then drove away. Defendant was found later near the accident scene by a police officer who testified that Defendant appeared to be intoxicated. Defendant claimed that he was knocked unconscious in the accident and then drove around in an unconscious state, stopping at one or two bars to drink. Defendant also challenged the testimony concerning the time of the accident, the conditions surrounding the accident, and any implication that he was at fault.

{3} In this appeal, Defendant again contests the idea that he was at fault, in any way, for the accident. In addition, Defendant extensively argues that he should not be held to the same standards as a licensed attorney. Defendant also argues that counsel should have been appointed to represent him below. We addressed these arguments in our calendar notice. In his memorandum in opposition, Defendant reiterates his arguments concerning standards for pro se litigants and appointment of counsel.

{4} As we stated in the calendar notice, we regard pleadings from pro se litigants with a tolerant eye, but a pro se litigant is not entitled to special privileges because of his pro se status. *See Newsome v. Farer,* 103 N.M. 415, 419, 708 P.2d 327, 331 (1985); *Birdo v. Rodriguez,* 84 N.M. 207, 209, 501 P.2d 195, 197 (1972). Defendant, who has chosen to represent himself, must comply with the rules and orders of the court, and will not be entitled to greater rights than those litigants who employ counsel. *See Newsome.* Furthermore, in this civil case, Defendant does not have a right to appointed counsel. *See Archuleta v. Goldman,* 107 N.M. 547, 552, 761 P.2d 425, 430 (Ct.App. 1987) (in civil proceedings where liberty interests are not involved, appointment of counsel is considered a privilege, not a right).

{5} On appeal, Defendant challenges numerous findings made by the trial court, including a finding that Defendant's actions caused the accident. In our calendar notice, we reviewed the findings that were crucial to the judgment—that it was dark,

that Defendant was not using his headlights, and that Defendant was driving while intoxicated. Defendant admitted that there was testimony to show that Plaintiff would have been able to see Defendant if he had been using his headlights. Defendant also admitted that there was testimony that he was found not too far from the accident and that he exhibited signs of intoxication. Viewing this evidence in the light most favorable to the trial court's decision, we hold that there was substantial evidence to support the verdict. *See Sheraden v. Black,* 107 N.M. 76, 79, 752 P.2d 791, 794 (Ct.App.1988).

{6} Defendant also claimed that the trial court erred in finding that he was 100% at fault for the accident. Defendant argued that Plaintiff caused the accident by making a left turn in a negligent manner. As we stated in our calendar notice, the factfinder decides issues of causation. *See Reichert v. Atler,* 117 N.M. 628, 632, 875 P.2d 384, 388 (Ct.App.1992). Any conflicts in the testimony on the issue of causation are resolved by the factfinder and this Court will not substitute our judgment for that of the trial court. *Id.* As admitted by Defendant, there was evidence to support the trial court's findings that Defendant was intoxicated and was driving without headlights after dark. Therefore, there was support for the trial court's decision. In addition, in his memorandum in opposition, Defendant provides no new facts or authority to contest the proposal in our calendar notice. *See State v. Sisneros,* 98 N.M. 201, 202–03, 647 P.2d 403, 404–05 (1982) (opposing party must come forward and specifically point to error in fact or in law in the proposed disposition).

{7} For the reasons outlined above and those stated in our calendar notice, we affirm the judgment of the trial court.

{8} **IT IS SO ORDERED.**

DONNELLY and ALARID, JJ., concur.