This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**


**MARIO MINJARES,**

    Plaintiff-Appellant,

v.                                  **NO. 28,992**

**MANUEL ROMERO, GARY MIER,**
**ROBERT EASTMAN, MIKE VIGIL,**
**CHARLES MARTINEZ, JOHN DOE(S),**
**and DEPARTMENT OF CORRECTIONS,**

    Defendants-Appellees.


**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Mario Minjares
Juarez, Mexico

Pro Se Appellant

James R.D. Brewster
Santa Fe, NM

for Appellees Romero, Mier, Eastman, Vigil, Martinez

Gary K. King, Attorney General
Santa Fe, NM

for Appellee Department of Corrections

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

On February 26, 1999, Plaintiff Mario Minjares, pro se (Plaintiff) filed a complaint against Defendants, who are prison guards at the New Mexico Penitentiary, for violation of civil rights and assault and battery that Plaintiff asserts he suffered while in prison in New Mexico. [RP 1] The case was dismissed for various reasons on the merits on August 22, 2006. [RP 529] Plaintiff filed a motion to reinstate the case on October 4, 2006. [RP 545] Defendants responded to the motion on October 16, 2006. [RP 555]

On May 2, 2008, District Court Judge James A. Hall noted that the motion for reinstatement had never been ruled upon, and he entered an order denying the motion for reinstatement and closed the case file. [RP 569] Plaintiff filed the notice of appeal from the May 2, 2008 order more than thirty days later, on June 16, 2008. [RP 570] Plaintiff was deported to Mexico in 2005 after he served the term in the New Mexico Penitentiary. Plaintiff certified that he mailed the notice of appeal on June 11, 2008. [RP 571]

This Court's calendar notice filed on December 18, 2008, proposed to dismiss the appeal for failure to file a timely notice of appeal. Plaintiff did not file a timely memorandum in opposition, and this Court dismissed the appeal by memorandum

2

opinion on March 18, 2009. Mandate was issued on April 24, 2009. Plaintiff claimed that he did not receive the calendar notice of proposed disposition and only received this Court's opinion and mandate on September 14, 2009. Plaintiff filed a motion for relief of judgment and a motion for extension of time to file a memorandum in opposition to this Court's December 18, 2008 calendar notice. By order of this Court, the opinion and mandate were withdrawn, and Plaintiff filed a response to the December 18, 2008 calendar notice. We have duly considered Plaintiff's memorandum in opposition. Unpersuaded, however, we dismiss the appeal for failure to file a timely notice of appeal.

**DISCUSSION**

Plaintiff's explanation for filing a late notice of appeal does not persuade us that the proposed dismissal of the appeal in the calendar notice was incorrect or inappropriate. Plaintiff relies on Rule 12-201(D) NMRA. This Rule states in applicable part,

> If a party timely files a motion pursuant to Section 39-1-1 NMSA 1978, Paragraph B of Rule 1-050 NMRA, Paragraph D of Rule 1-052 NMRA, or Rule 1-059 NMRA, the full time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from the entry of an order expressly disposing of the motion.

Plaintiff argues that his motion for reinstatement filed on October 4, 2006, [RP 545] and Defendants' response to the motion filed on January 5, 2007, [RP 559] are post-trial motions that extended the time for filing the notice of appeal. The district court's order, filed on May 2, 2008, [RP 565], however, is a final ruling denying Plaintiff's

3

October 6, 2006 post-trial motion to reinstate the case. Because Plaintiff filed the notice of appeal on June 16, 2008, more than thirty days after the order was filed, the appeal, is untimely pursuant to Rule 12-201(D). [RP 566]

To the extent that Plaintiff argues in the memorandum that the district court's ruling was really not a ruling on the merits of his contentions and, therefore, apparently according to Plaintiff, the ruling never happened or is void and the notice of appeal is not late, we are not persuaded. The order denied Plaintiff's motion to reinstate the case, because the arguments Plaintiff raised were considered by the district court in its prior ruling on the merits. [RP 565]

As we stated in the calendar notice, compliance with the notice of appeal time and place requirements are mandatory preconditions to the exercise of appellate jurisdiction. *See Govich v. North Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991). As our Supreme Court has observed, "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects." *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994). Plaintiff's memorandum has not persuaded us that such circumstances exist in this case. *Bruce v. Lester,* 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (discussing that pro se litigants must comply with the rules of the court and will not be treated differently from litigants with counsel); *see also Newsome v. Farer,* 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) (holding that pro se litigants are held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar").

**CONCLUSION**

We dismiss Plaintiff's appeal for failure to file a timely notice of appeal.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**ROBERT E. ROBLES, Judge**