This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BRYAN E. COLLINS,**

    Petitioner-Appellee,

v.                                **NO. 30,603**

**CHRISTALANE COLLINS,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Wolf & Fox P.C.
Christen E. Hagemann
Albuquerque, NM

for Appellee

Christalane Collins
Albuquerque, NM

Pro se Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Respondent, acting pro se, appeals the district court's modification of spousal support. We proposed to affirm in a calendar notice. In response, Respondent has submitted a letter to the calendaring judge. We construe the letter as a memorandum in opposition to our calendar notice. We have considered the claims made in Respondent's memorandum in opposition, but we are not persuaded that affirmance is not the correct disposition in this case. We therefore affirm.

Respondent was awarded permanent and modifiable spousal support of $700 in September 2006. [RP 53] In April 2008, Petitioner successfully moved to modify spousal support due to increased expenses and Respondent's income from retirement and other benefits. [RP 57] Respondent contests the modification of spousal support from $700 per month to $450 per month. In our calendar notice, we pointed out that the district court considered various factors before making its decision, including the economy, the job market, the decline in car sales, Petitioner's increased expenses and decreased earnings, and Respondent's failure to fully exhaust other sources of assistance. We concluded that the district court did not abuse its discretion in determining that spousal support should be modified. In addition, we explained that Respondent's request for certain documents and for an order protecting her from harassment must be made in the district court.

Respondent claims that the reasons given in our calendar notice were not "comprehensive to [her] reasons for an appeal, and "not even complete in what [she's] stated as [her] issues with the original decision in this case." Respondent does not provide specific information with respect to her claim that the calendar notice did not fully address her issues. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). To the extent that Respondent is claiming that she is unable to understand the discussion in our calendar notice, we point out that pro se litigants will not be treated differently from litigants represented by counsel. *See Bruce v. Lester,* 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84; *see also Newsome v. Farer,* 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) (holding that pro se litigants are held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar"). To the extent that Respondent is asking permission to orally argue her case in this Court, our appellate rules provide that all matters in our Court will be decided without oral argument unless we exercise our discretion to hear oral argument. *See* Rule 12-214(A) NMRA. We decline to exercise our discretion to have oral argument in this case.

For the reasons discussed in this opinion and those included in our calendar

notice, we affirm the district court's decision.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL E. VIGIL, Judge**