This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**KIM AUDETTE,**

Petitioner-Appellant,

v.                                                             **NO. 31,221**

**CITY OF TRUTH OR CONSEQUENCES**
**COMMISSIONERS:  LORI MONTGOMERY,**
**FRED TORRES, EVELYN RENFRO,**
**JERRY STAGNER, and STEVE GREEN,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Kevin R. Sweazea, District Judge**

Kim Audette
Truth or Consequences, NM

Pro Se Appellant

Jaime F. Rubin LLC
Jaime F. Rubin
Truth or Consequences, NM

for Appellees

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Petitioner appeals from the district court's entry of an award of sanctions against her. This Court issued a calendar notice proposing to affirm. Petitioner has filed a memorandum in opposition, which this Court has duly considered. Unpersuaded, we summarily affirm the district court's award of sanctions. Petitioner has also filed a motion to amend her docketing statement, which we hereby grant.

Petitioner's main argument is that the award of sanctions is not supported by sufficient evidence. She takes issue with the argument the City allegedly made before the district court that "'[t]axpayers' complained of 'harm' caused by [Petitioner] through attorney fees and costs." [MIO 2] Petitioner appears to allege that, in order to support a showing of actual harm, the City would have needed to file "'[t]axpayers'' notarized affidavits . . . as required by due process." [MIO 2] Petitioner cites no authority for this proposition. More to the point, the portions of the record that Petitioner identifies contain no mention of any complaints by "taxpayers." Rather, the passages Petitioner cites refer only to the City having to defend against Petitioner's frivolous motions at its own expense. [RP 443, 445-46]

Petitioner also alleges that the "City had no evidentiary basis for claiming that the '[t]axpayers' had asked for a judgment assessing liability for attorney fees and costs from [Petitioner]." [MIO 2] This allegation shows a misunderstanding of the

2

fact that the City is a party in its own right, and moved the district court for an award of sanctions of its own volition, not at the behest of "taxpayers." We therefore disregard Petitioner's argument pertaining to "taxpayers," given the fact that her use of that term as an issue in this case appears to be entirely generated by her.

Petitioner further takes issue with the fact that the City attached to its motion for sanctions a letter sent to Petitioner in an earlier, related matter, warning her of the consequences of filing frivolous motions. [MIO 4] Petitioner appears to challenge the introduction of the letter on the bases that it was not notarized, and was written in the scope of the writer's employment. [Id.] We certainly see no error in the district court's accepting the letter as evidence that Petitioner had previously been warned not to file frivolous motions, and can imagine no way in which it is relevant that the letter's author was paid to write it.

In any event, we disagree that there is not a sufficient factual basis for the district court's ruling. In its motion for costs, the City identified three separate meritless motions filed by Petitioner: a motion for rehearing filed June 9, 2010, a motion to supplement the record filed July 28, 2010, and a motion for Rule 1-074(X)(4) NMRA relief, filed September 22, 2010. [RP 442-43] Petitioner does not show that those motions were meritorious, that she had standing to file them, or that the City incurred no expenses in defending against them. We hold that the City made

3

a valid showing that it had incurred expenses defending against Petitioner's meritless motions, and that Petitioner failed to overcome that showing.

In addition to arguing the sufficiency of the evidence, Petitioner argues that her filing of multiple motions that the district court found frivolous was "constitutionally protected activity." [MIO 3, 10] But Petitioner identifies no constitutional protection for the filing of frivolous motions, or to participate in a case where one lacks standing. The fact that a hearing is open to the public, without more, does not grant every member of the public an automatic right to *participate* in the hearing. "Whether a plaintiff has standing depends on whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *N.M. Gamefowl Ass'n, Inc. v. State ex rel. King*, 2009-NMCA-088, ¶ 14, 146 N.M. 758, 215 P.3d 67 (citation and internal quotation marks omitted). Accordingly, it follows that where Petitioner has no standing, she has no right to participate in the action. Petitioner's citations to NMSA 1978, §§ 38-2-9.1 and 38-2-9.2 (2001) are misplaced. As stated in Section 38-2-9.1, those provisions pertain only to "action[s] seeking money damages against a person for conduct or speech undertaken or made in connection with a public hearing or public meeting in a quasi-judicial proceeding before a tribunal or decision-making body of any political subdivision of the state." Since this is Petitioner's action against the City, not an

action seeking money damages against Petitioner, the statutes she cites are inapposite.

So, too, is the lone case Petitioner cites on the issue, *Briggs v. Eden Council for Hope & Opportunity*, 81 Cal. Rptr.2d 471 (1999). [MIO 10-11] *Briggs* is an out-of-state decision on a factually distinguishable issue (whether limitations should be read into an anti-SLAPP statute). Even if *Briggs* did stand for the proposition cited, it would contradict New Mexico law. *See State ex rel. New Mexico State Highway and Transp. Dep't v. Baca*, 120 N.M. 1, 5, 896 P.2d 1148, 1152 (1995) (recognizing the inherent power of courts to award attorney fees "for expenses incurred as a result of frivolous or vexatious litigation").

We hold that Petitioner fails to establish that the district court's award of sanctions against her violated any constitutional or statutory right. Petitioner identifies no right to file meritless motions or to proceed in a case where standing has already been found lacking. On this basis, too, we see no error in the district court's ruling. *See State ex rel. Bardacke v. Welsh*, 102 N.M. 592, 597, 698 P.2d 462, 467 (Ct. App. 1985) (stating that court does not unconstitutionally violate pro se party's right to access to courts even when enjoining party from appearing before court "and that a less restrictive method of regulating access is not required when the facts show a pattern of conduct which is either vexatious, oppressive or for the purpose of

harassment").

Petitioner raises a number of other arguments, which do not change our opinion, and which, we therefore address only briefly. Petitioner claims that the use of the word "grounds," without a specific definition, renders the aforementioned letter "insincere, inaccurate, and unconstitutionally vague." [MIO 5] Petitioner also alleges error in the "lack of any findings as to an authorizing statute or ordinance providing standards and guidelines for the terms 'numerous,' 'groundless' and 'meritless.'" [MIO 9] Petitioner complains that the "City failed to cite any statute clearly setting forth the definitions of the terms 'numerous,' 'groundless' or 'meritless.'" [MIO 9-10] We hold that, by representing herself in this matter, Petitioner assumed the responsibility of understanding at least basic legal terminology such as "grounds" and "merit," let alone common English words like "numerous." Pro se litigants "must comply with the rules and orders of the court, *and will not be entitled to greater rights than those litigants who employ counsel.*" *Bruce v. Lester,* 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (emphasis added). Moreover, Petitioner cites only authority pertaining to vague *statutes*, not purportedly vague legal terms. [MIO 7, 9] We disregard these citations as inapposite.

Finally, Petitioner's challenge to this Court's proposed summary disposition evinces a fundamental misunderstanding. Petitioner titles her memorandum in

6

opposition to our calendar notice a "response in opposition to proposed summary judgment," and proceeds to discuss the law of summary judgment set forth in Rule 1-056 NMRA. [MIO 3, 8, 9] This Court's notice of proposed summary disposition is unrelated to summary judgment proceedings in district court, and we therefore disregard the inapposite authorities adduced by Petitioner on the point.

In her opposition to our calendar notice, Petitioner argues that she "seeks to defend her right to participate in governance at her city of residence." [MIO 3] But she also acknowledges that she has repeatedly been found to lack standing in her actions against the City. [MIO 1-2] If Petitioner has no standing to appear before the district court, then she has no "right to participate in governance" through the means she has chosen. *See Bardacke*, 102 N.M. at 597, 698 P.2d at 467.

**CONCLUSION**

We affirm the district court's order awarding sanctions against Petitioner.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**

7

_____
**TIMOTHY L. GARCIA, Judge**