This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ANGELA VICTORIA WOODHULL, Ph.D.,**

Plaintiff-Appellant,

**v.**

**No. 32,703 consolidated with 32,812**

**CAROLYN P. MEINEL,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie M. Huling, District Judge**

Angela Victoria Woodhull
Gainesville, FL

Pro se Appellant

Carolyn P. Meinel
Sandia Park, NM

Pro se Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} Angela Victoria Woodhull (Plaintiff) appeals pro se from the district court denials of her claims against Defendant Carolyn P. Meinel (Defendant) for defamation, intentional infliction of emotional distress, invasion of privacy, and permanent injunction [RP Vol.8/2966], as well as from the district court's costs award in Defendant's favor. [RP Vol.9/3171] Defendant also pro se filed a "conditional cross-appeal" [RP Vol.9/3175], raising issues for determination only if this Court—in conjunction with Plaintiff's appeal—reverses in whole or in part. Our calendar notice proposed to affirm the judgment in Defendant's favor.

{2} In response to our notice, Plaintiff filed numerous pleadings in this Court, including: a September 4, 2013, "response and objection to proposed summary disposition" [Ct. App. File, purple clip]; a September 9, 2013, "motion to place this case on the main calendar and motion for oral argument" [Ct. App. File, white clip]; motions to supplement Plaintiff's memorandum in opposition as well as supplemental memoranda in opposition filed on September 9, 2013, and September 17, 2013 [Ct. App. File, green clips]; and motions to amend the docketing statement and amended docketing statements filed on September 9, 2013, and September 17, 2013. [Ct. App. File, silver clips] We comment that the pleadings Plaintiff filed in response to our notice exceeds the parameters of what is contemplated by Rule 12-210(D)(3) NMRA (setting forth how a party may respond to a notice). In the event Plaintiff again

2

appears before this Court, we instruct that she follow the Rules of Appellate Procedure. *See generally Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (recognizing that pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel). Nonetheless, we have considered Plaintiff's continued arguments and remain unpersuaded. For this reason, for the same reasons extensively detailed in our notice, we affirm the district court's denial of her claims and its judgment in favor of Defendant, including the costs award.

{3}     Apart from what was provided in our notice, we do, however, have a general overall comment, which is applicable to the disposition of all of Plaintiff's claims. Underlying Plaintiff's continued arguments is her prevailing contention that the district court improperly disregarded the evidence in her favor. [response to notice, purple clip/13] For example, Plaintiff argues that further review by this Court is needed so that this Court can review the "hundreds of hours of video footage of Angelina, the Polka Queen show" and see that it does not have any "dancing penises." [response to notice, purple clip/7] As provided in our notice, however, it was within the district court's prerogative to rely on evidence that showed otherwise. [RP Vol.8/2910, 2914] Similarly, Plaintiff argues that Defendant impeached herself throughout the proceedings and that the district court overlooked such alleged

perjuries by ruling in Defendant's favor. [supplemental MIO, double green clips/1-2] While Plaintiff does not agree with the district court's view of the evidence, we again emphasize it was within the district court's prerogative to consider weight of the evidence, including its credibility, and determine that the evidence supported the denial of Plaintiff's claims. *See generally New Mexicans for Free Enter. v. City of Santa Fe*, 2006-NMCA-007, ¶ 71, 138 N.M. 785, 126 P.3d 1149 (recognizing that the trial court, as factfinder, resolves all disparities in the testimony and determines the weight and credibility to be accorded to the witnesses). We further emphasize that in our role as the appellate court, we do not reweigh the evidence, but instead give deference to the district court's assessment of the evidence. *See Bishop v. Evangelical Good Samaritan Soc'y*, 2009-NMSC-036, ¶ 28, 146 N.M. 473, 212 P.3d 361. Thus, by affirming the district court, this Court does not—as suggested by Plaintiff—essentially assess that Plaintiff is a "liar" [Ct. App. File, double purple clips/3], but instead we assess that there was evidence—while disputed by Plaintiff—to support the district court's ruling.

{4}     Lastly, with regard to costs, Plaintiff maintains that the costs order violates Rule 1-060(B) NMRA. [supplemental MIO/double green clips/9] For the same reasons detailed in our notice, we affirm. Not only did Plaintiff fail to preserve this argument below, but our review provides that the awarded costs were within the parameters of

Rule 1-054(D)(2) NMRA (recoverable costs) and LR 2-302 (addressing Rule 1-054), as referenced by the district court in its costs order. [RP Vol.9/3171]

{5}    For the reasons set forth herein and extensively detailed in our notice, we affirm. We thus deny Plaintiff's request for oral argument and to assign this case to the general calendar. [Ct. App. File, white clip] Because we affirm, it is not necessary to consider the issues raised in the conditional cross-appeal filed by Defendant.

{6}    **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI Judge**

_____
**J. MILES HANISEE, Judge**