This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LOANCARE, A DIVISION OF**
**FNF SERVICING, INC.,**

Plaintiff-Appellee,

v.                                                                                    **NO. 33,648**

**JOSEPH HARRIS and PATRICIA**
**HARRIS,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Henry R. Quintero, District Judge**

McCarthy & Holthus, LLP
Joshua A. Spencer
Albuquerque, NM

Office of the Arizona Attorney General
Matthew Silverman
Phoenix, AZ

Melissa Robbins Coutts
San Diego, CA

for Appellee

The Law Office of Anita M. Kelley
Anita M. Kelley
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendants appeal from the denial of a Rule 1-060(B) NMRA motion to set aside a judgment in a foreclosure action. We previously issued a notice of proposed summary disposition, proposing to affirm. Defendants have filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     The pertinent background information having been set forth in the notice of proposed summary disposition, we will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3}     Defendants continue to assert that they should have been granted relief from the judgment and permitted to engage in discovery in order to determine whether their loan was procured by fraud. [DS 4; MIO 2-6] However, as we previously observed, fraud was not asserted as an affirmative defense, and insofar as the materials relied upon by Defendants to support their vague allegations were available far in advance of the original award of summary judgment, [RP 95, 112-18] their failure to advance the defense in a timely fashion is fatal. *See, e.g.*, *Charter Bank v. Francoeur*, 2012-

NMCA-078, ¶¶ 3, 25, 287 P.3d 333 (concluding that a homeowner's assertions of fraud, misrepresentation, and/or "other misconduct" in conjunction with a motion to set aside were insufficient to preserve these matters, where the homeowner filed no answer to the complaint, "did not specifically raise a bad-faith defense and therefore did not fairly invoke a ruling by the district court").

**{4}** In their memorandum in opposition, Defendants contend that their allegations of fraud and request for discovery should be regarded as timely, insofar as these matters were mentioned at the hearing on Loancare's motion for summary judgment. [MIO 2-5] However, because Defendants neither propounded discovery, [MIO 5] nor submitted an affidavit specifically demonstrating how postponement of a ruling and granting additional time for discovery would enable Defendants to rebut Loancare's showing, *see* Rule 1-056(F) NMRA (requiring such an affidavit), the district court was at liberty to proceed with the award of summary judgment. *See Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶¶ 38-39, 140 N.M. 111, 140 P.3d 532 (arriving at a similar conclusion under similar circumstances). Although Defendant suggests that his comments at the summary judgment hearing should supply an adequate substitute for failure to comply with Rule 1-056(F), we disagree. *See generally Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84

(observing that pro se litigants must comply with the rules of the court and will not be treated differently from litigants with counsel).

**{5}** Finally, we understand Defendants to contend that the district court should have granted their Rule 1-060(B) motion as a matter of equity, in order to afford them the opportunity to inspect their original loan documents. [DS 5-6] However, Defendants were not denied this opportunity; they simply failed to avail themselves of standard discovery practice in a timely and appropriate fashion. Under such circumstances, we remain unpersuaded that Defendants were entitled to relief. *See generally Benavidez v. Benavidez*, 1983-NMSC-032, ¶ 14, 99 N.M. 535, 660 P.2d 1017 (observing that Rule 1-060(B) "cannot be used to relieve a party from the duty to take legal steps to protect his interests").

**{6}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

**{7}** **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**RODERICK T. KENNEDY, Judge**