This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SARA HAMOOD,**

Petitioner-Appellee,

v.                                                    **No. 34,720**

**HAMOOD MALIK,**

Respondent-Appellant,

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sylvia Lamar, District Judge**

Sutin, Thayer & Browne, P.C.
Michael J. Golden
Santa Fe, NM

for Appellee

Hamood UR-Rehman Malik
Santa Cruz, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Respondent, a self-represented litigant, seeks to appeal from the district court's order: (1) recognizing the divorce Respondent obtained in Pakistan; (2) refusing to

recognize the MAHAR (the limitations on what Petitioner would be entitled to on the marriage certificate in Pakistan); (3) awarding Petitioner interim attorney fees in the amount of $20,000; and (4) setting forth the issues for the upcoming merits trial. We issued a notice of proposed summary disposition proposing to dismiss for lack of a final, appealable order. Respondent has filed a memorandum in opposition to our notice and a motion to supplement to record, both of which we have duly considered. We are not persuaded by his response and therefore dismiss. Because we continue to believe that the proceedings have not finally concluded in district court, we deny the motion to supplement the record.

{2}     Our notice proposed to hold that the district court's order from which Respondent seeks to appeal is not the final, appealable order. By its own terms, it is an interim order in contemplation of the merits hearing. [RP 330-36] On this basis, we proposed to dismiss. We further noted that the district court held the merits hearing and entered a final order on all issues on June 8, 2015, after Respondent filed the current appeal. [RP 585A-585H] In district court, Respondent filed four post-judgment motions so far, all timely filed on June 11th, attacking the merits of the final order, and included issues raised in the docketing statement. [RP 589-600] Respondent has not demonstrated that his post-judgment motions have ruled upon in a final,

written order. These timely post-judgment motions destroyed the finality of the June 8, 2015, order. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (holding that "when a party makes a motion challenging the [trial] court's determination of the rights of the parties contained in the [final order, the order is no longer] final, and the time for filing an appeal does not begin to run, until the [trial] court disposes of the motion"). As a result, there is no final order from which Respondent can appeal in this case.

{3}     In response to our notice, Respondent states that he is waiting for a final ruling from the district court judge on his post-judgment motions, and that because of his lack of knowledge of the appellate rules, he filed an appeal to this Court from the interim order. [MIO 30] Respondent asks that we be kind and hold onto the appeal, rather than dismiss it, because he will not be able to file another appeal and pay the application fees and the fees for the record proper. [Id.]

{4}     These are not reasons for viewing the order as final and do not constitute grounds upon which we may exercise our jurisdiction over a non-final order. Self-represented litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel. *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that "we regard pleadings from pro se litigants

with a tolerant eye, but a pro se litigant is not entitled to special privileges because of his pro se status" and that a pro se party "who has chosen to represent himself[ ] must comply with the rules and orders of the court, and will not be entitled to greater rights than those litigants who employ counsel"). In addition, we note that if Respondent believes that he is unable to afford further fees related to pursuing his appeal, he may seek free process in accordance with our rules. *See, e.g.*, Rule 23-114 NMRA.

In Respondent's motion to supplement the record, he asks that we permit him to supplement the record with additional documents filed in district court after the current appeal to this Court. [Motion 1] Respondent states that "final rulings were reached on most of these issues on 8/11/2015." [Motion 1] The district court's order that Respondent attached to his motion indicates, however, that there are several pending issues that the order does not finally resolve. [Order 2] We are not persuaded to permit Respondent to supplement the record in an appeal over which our jurisdiction is not properly exercised. Respondent may file an appropriate motion to seek this relief once the proceedings in district court have been finally concluded.

{5}     For the reasons stated in this opinion and in our notice, we dismiss Respondent's appeal for lack of a final, appealable order. Respondent's motion to supplement the record is hereby denied.

4

{6}   **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**J. MILES HANISEE, Judge**