This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**TONY GONZALES,**

Plaintiff-Appellee,

v.                                                             **No. A-1-CA-35815**

**ROBERTO MAXIMINIO VIGIL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff McElroy, District Judge**

Tony Gonzales
El Prado, NM

Pro Se Appellee

Roberto Maximinio Vigil
Questa, NM

Pro Se Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Following a judgment in favor of Plaintiff below, Defendant moved for reconsideration, which was denied. Defendant appeals the denial of his motion for

reconsideration as well as the underlying judgment. We issued a notice of proposed summary disposition proposing to dismiss the appeal due to Defendant's failure to file a timely notice of appeal. Defendant has filed a memorandum opposing the proposed dismissal, and we have given careful consideration to the arguments made in that memorandum. However, we continue to believe that dismissal of the appeal is warranted.

{2} In his memorandum in opposition Defendant admits that he did not file his notice of appeal within thirty calendar days of the filing of the order denying his motion for reconsideration. However, he points out that he did file the notice within thirty business days, and contends that he was told by an unnamed "clerk or clerk assistant" of an unnamed court that the notice of appeal could be filed within thirty business days. [MIO 1] However, the applicable rule clearly states that the notice must be filed "within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office." Rule 12-201(A)(1)(b) NMRA. There is nothing in the appellate rules stating that "thirty days" means "thirty business days." In fact, the only instance in which weekends or holidays are excluded from calculating a time deadline is when the deadline is very short, ten days or less. Rule 12-308(A)(2) NMRA. This same rule provides expressly that when the applicable time deadline is eleven days or

more, weekends and holidays are not excluded from the time calculation. Rule 12-308(A)(1).

**{3}** Given the clear nature of the appellate rules in question, it was not reasonable for Defendant to rely on an oral statement from a "clerk or clerk assistant" in determining when to file his notice of appeal. Although Defendant is representing himself, he is held to the same standards as a practicing attorney and must comply with our appellate rules. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84. We would not allow an attorney to rely on erroneous oral advice given by a clerk or clerk assistant, and the same holds true for Defendant.

**{4}** Based on the foregoing as well as the discussion contained in our notice of proposed summary disposition, we determine that the notice of appeal was untimely filed and we dismiss this appeal.

**{5}** **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____

**J. MILES HANISEE, Judge**