This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36935**

**MAUREEN A. TELLES**
**n/k/a MAUREEN A. RADER,**

Petitioner-Appellee,

v.

**EDMUNDO TELLES,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

The Law Office of Dorene A. Kuffer, P.C.
Dorene A. Kuffer
James P. Deacon
Albuquerque, NM

for Appellee

Edmundo Telles
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** In his second appeal in this divorce case, Husband again challenges the district court's decisions surrounding the division of the couple's two automobiles and the

district court's award of attorney fees to Wife. Having carefully considered the parties' briefing and the record,[1] we affirm.

## DISCUSSION[2]

### I.  Law of the Case Issues

**{2}**    In this appeal, Husband argues that the district court, in several of its findings and conclusions, failed to follow our opinion and mandate on remand. *See Telles v. Telles*, No. 35,170, memo. op. (N.M. Ct. App. Nov. 21, 2016) (non-precedential) (*Telles I*). In so arguing, Husband invokes the law-of-the-case doctrine. *State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 21, 145 N.M. 769, 205 P.3d 816 (stating that under the law of the case doctrine, "a decision by an appeals court on an issue of law made in one stage of a lawsuit becomes binding on subsequent trial courts as well as subsequent appeals courts during the course of that litigation"). "Whether law of the case applies, as well as how it applies, are questions of law subject to de novo review." *Id.* ¶ 20. "[T]he law-of-the-case doctrine leaves considerable discretion to appellate courts to interpret what, precisely, the law of the case is[.]" *Id.* ¶ 27. "The law of the case generally applies to questions of law, not 'purely fact' questions." *Id.* ¶ 21. Here, Husband argues that the district court did not follow the law of the case when it determined the status of the automobiles, when it determined that Husband was not prejudiced by Wife's sale of the 2014 Lexus, and when it awarded Wife attorney fees. We discuss each argument in turn.

### A.  2014 Lexus

**{3}**    Husband argues that the district court's ruling was contrary to *Telles I* when it concluded that the 2014 Lexus was Wife's separate property. Whether property is separate or community is a question of law that we review de novo. *Gabriele v. Gabriele*, 2018-NMCA-042, ¶ 18, 421 P.3d 828, *cert. denied*, 2018-NMCERT___, (No. S-1-SC-36945, May 4, 2018).

**{4}**    In *Telles I*, we held that the district court erred when it found that the 2014 Lexus "was transmuted into community property." *See Telles I*, No. 35,170, memo. op. ¶ 2 (stating that "both the BMW and the [2014] Lexus were erroneously treated as community property"). We reversed and remanded with instructions to the district court to strictly apply the terms of the parties' premarital agreement (PMA) in dividing their

---

1Husband's reply brief, at eighty-one pages, far exceeds the volume limitation prescribed in the Rules of Appellate Procedure and we decline to consider any arguments or contentions set forth in the pages exceeding those limits. *See* Rule 12-318(F)(2), (3) NMRA (limiting reply brief to fifteen pages or 4,400 words); Rule 12-312(D) NMRA ("For any failure to comply with [our rules of appellate procedure], the appellate court may, on motion by appellant or appellee or on its own initiative, take such action as it deems appropriate . . . including but not limited to . . . refusal to consider the offending party's contentions[.]"); *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 ("[W]e regard pleadings from pro se litigants with a tolerant eye, but a pro se litigant is not entitled to special privileges because of his pro se status.").

2Because the parties are familiar with the facts and history of this case, we set forth the factual and procedural background only to the extent it is pertinent to our analysis in the discussion section.

property and debts. *See id.* ¶ 8 (instructing the district court to "strictly apply the terms of the PMA, including the provisions for reimbursement when debt owed on separate property is reduced due to contributions made by the other spouse"). Although our prior opinion was admittedly imprecise in places, *see, e.g., id.* (instructing the district court to "fashion a remedy for the deprivation of *Husband's separate property* that occurred as a result of the circumvention of the execution-and-sale statutes" (emphasis added)), we did not make any explicit determination as to the status of the 2014 Lexus; rather, we instructed the district court to make that determination. *Id.*

**{5}**     On remand, the district court determined that the 2014 Lexus was Wife's separate property based on a provision in the parties' PMA defining separate property as "any property purchased by either party where that party obtains the property by creation and payment of a separate debt in the manner set forth in NMSA 1978, [Section] 40-3-9(A)(4) [(1983)]." The 2014 Lexus was purchased during the marriage, and although Husband made a down payment and traded in his 2006 Lexus toward the purchase of the 2014 Lexus, Wife financed the remaining balance of $45,000.85 in her name alone. The district court concluded that the debt on the 2014 Lexus was Wife's separate debt, pursuant to Section 40-3-9(A)(4), and Husband does not challenge this conclusion on appeal. Husband, moreover, appears to have affirmatively argued below that the debt on the 2014 Lexus was Wife's separate debt. In keeping with our mandate to strictly apply the parties' PMA, the district court concluded that the 2014 Lexus must be classified as Wife's separate property under the PMA because the debt on the 2014 Lexus was Wife's separate debt. Because the district court's findings and conclusions regarding the debt are unchallenged on appeal, we conclude that the district court did not err classifying the 2014 Lexus as Wife's separate property. *See Stueber v. Pickard*, 1991-NMSC-082, ¶ 9, 112 N.M. 489, 816 P.2d 1111 (stating that unchallenged findings are binding on appeal).

**{6}**     Husband also argues that the divorce decree, entered before his appeal in *Telles I*, should be read to award him the 2014 Lexus as his separate property and that it should be enforced as a contract. As an initial matter, Husband does not point to where this argument was preserved below. *See* Rule 12-318(A)(4) (requiring the brief in chief to contain "a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on."); Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). But even reaching the issue on the merits, this argument fails because the final decree does not state that the 2014 Lexus was Husband's separate property, as Husband represents. Rather, it states that the 2014 Lexus was *community* property, awarded to Husband. The community status of the 2014 Lexus was at issue in *Telles I*, and because we concluded that the district court erred in finding the 2014 Lexus was community property, the district court was required to apply the terms of the PMA in dividing the property and debts regarding the 2014 Lexus on remand. No. 35,170, memo. op. ¶ 2. For the reasons set forth above, we affirm the district court's findings and conclusion that the 2014 Lexus was Wife's separate property.

**{7}**    Our affirmance on the issue of the 2014 Lexus disposes of a number of Husband's additional arguments in this appeal. First, because the 2014 Lexus was Wife's separate property, we also affirm the district court's determination that Husband suffered no prejudice from the manner in which Wife sold the 2014 Lexus. Relatedly, because Husband was not prejudiced by Wife's sale of the 2014 Lexus, there was no reason for the district court to fashion any remedy for such prejudice. Finally, we need not address Husband's argument that he should have been allowed more time to refinance the 2014 Lexus after it was initially awarded to him in the divorce decree.

## B.    BMW

**{8}**    Husband also argues that the district court erred in its rulings regarding the BMW. In the original divorce decree, the district court concluded that the BMW had been transmuted into community property and awarded the vehicle to Wife. In *Telles I*, we held that the district court erred by treating the BMW as community property and remanded for further consideration of the PMA in dividing the property and determining whether any party was entitled to reimbursement. No. 35,170, memo. op. ¶¶ 1-2. On remand, the district court concluded that each party owned a one-half interest in the BMW as tenants in common, based on evidence of a certified check paid from Husband to Wife in the amount of $7,500 with the notation, "for 1/2 ownership/purchase of 2011 BMW X5[.]"The district court applied paragraph nine of the PMA, which states in relevant part, "[N]othing shall preclude the parties from owning property as . . . tenants-in-common with specific percentages owned as separate property and such ownership shall not act to transmute such property into community property." Based on Husband's payment to Wife for a one-half interest in the BMW, the district court concluded that each party was entitled to a one-half interest in tenancy in common.

**{9}**    Although Husband challenges this conclusion on appeal, his arguments are contradictory. He initially argues that the district court should have awarded the BMW to Wife as her separate property, and that Wife should have been ordered to reimburse Husband for his $7,500 contribution. Later, however, Husband argues that he purchased a one-half ownership interest in the BMW and that the district court erred in declaring the BMW as Wife's separate property. Contrary to Husband's second argument, however, the district court determined that the parties owned the BMW as tenants in common, that its present value was $7,500, and that each party owned a one-half interest in the value of the vehicle. Although the district court ultimately applied Husband's one-half interest in the value of the BMW to Wife's attorney's fees, the district court nonetheless concluded that Husband had purchased a one-half interest in the BMW with his $7,500 cashier's check, and Husband has failed to show that these findings were in error. Based on the district court's conclusion regarding the ownership of the BMW, we find no error in its determination that Husband was not entitled to reimbursement for his $7,500 payment to Wife for the BMW. We therefore affirm the district court's findings and conclusions regarding the BMW.

## C.    Attorney Fees

**{10}**    Defendant also argues that the district court ignored our prior opinion with regard to attorney fees and incorrectly ordered an additional fees award in favor of Wife. In *Telles I*, we instructed the district court as follows:

> following remand the district court will have the ability to adjust the attorney fees awarded to account for the parties' relative success during the litigation, as well as other factors. In doing so, the court should take into account the fact that $2,000 of the fees were awarded [to Wife] as a result of Wife's legally-unjustified request to circumvent the statutory procedures concerning enforcement of judgments. At this time, however, since the fees issue will be subject to adjustment on remand, we decline to decide whether any particular portion of the fees awarded should be reversed.

No. 35,170, memo. op. ¶ 6. Contrary to Husband's understanding, however, the district court on remand did not add $3,750 to Wife's total award; instead, the district court reduced the initial $7,000 award to $3,750.

**{11}**    Although Husband argues that the award was in error, he failed to develop an argument demonstrating that the district court abused its discretion in awarding $3,750 in attorney fees to Wife. *See* Rule 1-127 NMRA (providing a procedure for the district court to follow and factors for it to consider in awarding attorney fees in domestic relations cases); *Bursum v. Bursum*, 2004-NMCA-133, ¶ 18, 136 N.M. 584, 102 P.3d 651 (indicating that the district court has discretion to decide whether to award attorney fees under Rule 1-127); *see also Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what his arguments might be."). And while Wife also argues in her answer brief that the district court abused its discretion by reducing her fee award, she has not filed a cross-appeal, and her argument does not fall within Rule 12-201(C) NMRA ("An appellee may, without taking a cross-appeal or filing a docketing statement or statement of the issues, raise issues on appeal for the purpose of enabling the appellate court to affirm, or raise issues for determination only if the appellate court should reverse, in whole or in part, the judgment or order appealed from."). We therefore will not address Wife's attorney fees argument.

**{12}**    Husband has not demonstrated that the district court failed to follow our mandate on remand, nor has he established any other error regarding the district court's disposition of the parties' assets. We therefore affirm.

## II.    The District Court Afforded Husband an Opportunity to Be Heard

**{13}**    Husband additionally argues that the district court did not provide him the opportunity to make his arguments during the hearing on November 2, 2015, and at the hearings on remand in 2017. It appears that Husband made a similar argument in his last appeal, *see Telles I*, No. 35,170, memo. op. ¶ 7 ("[A]lthough Husband complains that the judge was impatient with him and refused to listen to certain of his arguments, it

does not appear that Husband raised this issue with the district judge by, for example, asking the judge to recuse from the case."), but just as in that appeal, Husband does not appear to have raised the issue in the district court to preserve it for purposes of appeal. *See* Rule 12-321 (requiring a party to raise an issue with the district court in order to preserve it for appeal).

**{14}**    Moreover, our review of the record reveals that Husband does not accurately describe the proceedings. In the 2015 hearing, the district court allowed Husband an opportunity to present his argument, and we find no support for Husband's characterization that the district court judge exhibited anger or raised his voice. Likewise, in the post-remand hearings to which Husband refers, on August 22, 2017, the district court allowed both parties to make opening statements. In his opening statement, Husband started to quote our previous memorandum opinion in this case, at which point the district court said, "sir, you don't need to read to me . . . here's what an opening statement is: what do you think is going to be proved, and what rulings are you requesting as a result of your anticipated evidence. Simple as that." Husband said "okay" and proceeded. At the end of his statement, Husband said, "I think that's all I have to say; I think it's pretty clear." The district court did not abuse its discretion by limiting Husband's arguments, to the extent it did so. *See Gonzales v. Surgidev Corp.*, 1995-NMSC-047, ¶ 14, 120 N.M. 151, 899 P.2d 594 (discussing the trial court's inherent authority to control its docket, proceedings, and affairs "so as to achieve the orderly and expeditious disposition of cases" (internal quotation marks and citation omitted)).

**CONCLUSION**

**{15}**    Because we perceive no error in the proceedings below, we affirm.

**{16}    IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**