This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39084

**ANDREW L. KEYSER,**

Plaintiff-Appellant,

v.

**STANLEY H. KRAVITZ and
SHERON KRAVITZ**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
James A. Noel, District Court Judge**

Andrew L. Keyser
Placitas, NM

Pro Se Appellant

Jackson Loman Stanford & Downey P.C.
R. Eric Loman
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     This is an appeal from a district court order entered on May 5, 2020. [DS 1] That order denied a motion to reopen a final judgment entered on December 29, 2016. [2 RP 421] This Court issued a notice of proposed disposition proposing to affirm, largely because it was unclear from the docketing statement what error Plaintiff is asserting in connection with that motion to reopen the previously entered final judgment in this case. More specifically, that notice pointed out that the docketing statement asserted that

the original case was closed on the basis of "a moot motion," that [Plaintiff's] claim for damages was not heard, and allege[d] some sort of perjury occurred. [DS 3] Plaintiff, however, d[id] not explain or summarize any facts that would support these claims or otherwise attempt to explain how or why the district [court] order was in error. [DS 4] Similarly, Plaintiff's docketing statement d[id] not contain any facts that could justify a finding that his motion filed more than two years after the final judgment was filed within a reasonable time.

[CN 3-4]

{2}     As a result, our notice of proposed disposition stated that the docketing statement did not contain facts necessary for an understanding of Plaintiff's appeal and instructed Plaintiff that he could include the necessary facts in a memorandum in opposition to summary affirmance. [CN 4]

{3}     Plaintiff has since filed various documents in this appeal, including a memorandum in opposition to our proposed disposition. That memorandum contains a narrative recitation of events that happened prior to the initiation of this litigation and requests that this Court "be even more tolerant for [P]laintiff in this case to approach equal justice[,]" [MIO 1-4] We reiterate that this Court views pleadings from self-represented parties "with a tolerant eye[.]" *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84. Nonetheless, it is neither proper—nor in some cases possible—for this Court to address "unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076.

{4}     Plaintiff's memorandum also cites the standard for amendment of a docketing statement and asserts his disagreement with this Court's proposed affirmance "because it would be unjust." [MIO 6] Plaintiff then asserts that "[t]he courts and county" were involved in depriving him of his "home, vehicles and clothing[,]" "took away [his] communications," and did not provide him with legal representation or respond to an email. [Id.] Plaintiff explains that these complaints were not in his docketing statement because he "did not have access to the resources, due to covid, health issues, destruction of evidence by the defendants and poor health due to the defendants[,]" and that the law library was closed. [MIO 6-7]

{5}     Plaintiff's memorandum offers no further explanation of what his docketing statement referred to as a "moot" motion and does not address anything having to do with his claim for damages. That memorandum does continue to assert, largely without explanation, that a witness committed perjury by testifying that Plaintiff had "threatened to kill her." [MIO 2] Plaintiff does not, however, make any attempt to explain how this allegedly false testimony had any effect on the case tried below or how it could have justified reopening that case after the entry of a final judgment.

**{6}** And, perhaps most importantly, Plaintiff makes no attempt to explain how, under any possible set of circumstances, his motion for reconsideration, which was filed more than two years after the judgment in this case, could have been considered timely. *See* Rule 1-060(B)(6) NMRA (requiring that motions for relief from judgments be filed "within a reasonable time," and that any such motion based upon claims of mistake, neglect, new evidence, fraud, misrepresentation, or misconduct be filed within one year of the judgment at issue).

**{7}** As best we can tell, the facts described in Plaintiff's memorandum and the other documents filed in this appeal involve the underlying claims in this litigation that were resolved in the judgment entered in 2016, as well as various hardships Plaintiff has suffered since the entry of that judgment. While we sympathize with Plaintiff's situation, we are nonetheless constrained by the fact that Plaintiff did not appeal the 2016 judgment and has neither offered nor attempted to offer any basis upon which this Court could reverse the district court's order of May 5, 2020. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (explaining that a party opposing summary disposition has the burden "to clearly point out errors in fact or law"). Ultimately, that is the only order that Plaintiff has appealed to this Court, and Plaintiff's memorandum in opposition to summary affirmance does not give us any reason to conclude that the district court committed error by denying that motion.

**{8}** Finally, we note that Plaintiff has also filed a motion asking this Court to expedite this appeal. Because this opinion resolves this appeal in its entirety, that motion is now moot.

**{9}** Accordingly, the district court's order denying reconsideration of its judgment entered in December of 2016 is affirmed and Plaintiff's pending motion to expedite this appeal is denied as moot.

**{10}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**