This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39650**

**RACHEL DURAN,**

Plaintiff-Appellant,

v.

**BISHNU J. RAUTH, M.D., NEW HOPE CANCER CENTER, and JOHN and JANE DOES 1-10,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Rachel Duran
Las Cruces, NM

Pro Se Appellant

Germer, PLLC
Matthew McCracken
Houston, TX

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Plaintiff appeals from the district court's order granting Defendants' motion for summary judgment and dismissing her complaint with prejudice. In this Court's notice of proposed disposition, we proposed summary affirmance. Plaintiff filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Plaintiff continues to argue that the district court erred by failing to order a continuance in her case, in light of her personal and

family circumstances, and because the district court, according to Plaintiff, had been lenient with Defendants. [MIO PDF 1] Plaintiff reiterates that her daughter attempted to file paperwork in her case, "but the courthouse prevented the daughter from filing documents saying they needed to be mailed in." [MIO PDF 1] However, we addressed these arguments in our notice of proposed disposition, and Plaintiff has not asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}**     Plaintiff additionally argues that she "did not fail to respond to summary judgment and did not fail to provide an expert witness list. Her attorney at the time is the one who failed to do so, not [Plaintiff]." [MIO PDF 2] Plaintiff claims that she "had an attorney who failed her by not responding to summary judgment and expert witness paperwork." [MIO PDF 1] We note that the record proper reflects that Plaintiff's prior counsel filed a motion to withdraw as her counsel, which the district court granted, prior to the filing of Defendants' motion for summary judgment. When the district court granted counsel's motion to withdraw, the district court instructed Plaintiff that she had thirty days from the entrance of the order to obtain counsel or "shall be deemed appearing pro se." [1 RP 143] To the extent that Plaintiff claims her former counsel should have filed pleadings on her behalf, the record proper reflects that counsel no longer represented Plaintiff by the time Defendants filed their motion for summary judgment; Plaintiff was self-represented at that time, and therefore, Plaintiff's failures to file were her own. *See, e.g.*, *Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 (holding that pro se litigants are held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar"); *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (pro se litigants must comply with the rules and orders of the court and will not be treated differently from litigants with counsel).

**{4}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order granting Defendants' motion for summary judgment and dismissing Plaintiff's complaint with prejudice.

**{5}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**