This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO. 35,906**

**MICHAEL BALTES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DE BACA COUNTY**
**Albert J. Mitchell Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Michael Baltes
Fort Sumner, NM

Pro se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant-Appellant Michael Baltes (Defendant) appeals, in a self-represented

capacity, from the district court's order entitled "order dismissing notice of appeal and

remand to magistrate court[.]" [RP 106, 108; DS 1] We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we affirm.

{2}     Our notice proposed to affirm on two alternative bases. [CN 2–4] First, we explained that the law of the case doctrine precluded our review of Defendant's issues on the merits. *See Alba v. Hayden*, 2010-NMCA-037, ¶ 7, 148 N.M. 465, 237 P.3d 767. Defendant already sought to have the merits of his appeal reviewed by this Court in 2014, but this Court dismissed his appeal due to his failure to file a timely notice of appeal. We further explained that once mandate was issued by this Court, the district court's review of the proceedings was limited to the scope of the mandate. *See State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 22, 145 N.M. 769, 205 P.3d 816 ("The district court was not free to enlarge or alter the issues presented in the mandate.").

{3}     Second, our notice observed that Defendant's notice of appeal in magistrate court was untimely filed. [CN 3–4] Because Defendant is representing himself, our notice explained that we do not extend the presumption of ineffective assistance of counsel and require that he file a timely notice of appeal in the correct tribunal. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M 301, 980 P.2d 84.

**{4}** Defendant's memorandum in opposition does not respond to the first basis for affirmance set forth in our notice of proposed disposition, regarding the applicability of the law of the case doctrine. Defendant has therefore failed to persuade us to depart from the initial position set forth in our notice. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

**{5}** In response to the second basis for affirmance, the untimely notice of appeal in magistrate court, Defendant explains that he is not represented by an attorney, and to the best of his knowledge, he completed and filed all necessary paperwork in a timely manner. [MIO unnumbered 2] Defendant does not, however, offer any additional facts to demonstrate that notice of appeal was, in fact, timely filed in the correct tribunal. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.") We acknowledge that Defendant has chosen to represent himself in this appeal. However, self-represented litigants must comply with the rules and orders of the court and will not be treated differently from litigants with counsel. *See Bruce*, 1999-NMCA-051, ¶ 4.

**{6}** In sum, Defendant has not demonstrated that either of the two alternative bases for affirmance proposed in our notice were in error. Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

**{7}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**J. MILES HANISEE, Judge**

4