This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                             **NO. 35,778**

**JUAN R. EDWARDS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary Marlowe Sommer, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Juan R. Edwards
Santa Fe, NM

Pro se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    Self-represented Defendant Juan R. Edwards appeals from his convictions of

aggravated driving while under the influence of intoxicating liquor or drugs (DWI), contrary to NMSA 1978, Section 66-8-102 (2010), and speeding, contrary to NMSA 1978, Section 66-7-301 (2015). In this Court's second notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm Defendant's convictions.

{2}     In his MIO, Defendant continues to argue that the district court erred in denying him a jury trial because he has a constitutional right to one and because he had a legitimate expectation of a jury trial, thus resulting in structural error and/or cumulative error. However, Defendant fails to point out how this Court's analysis in its second calendar notice was incorrect in fact or law. [*See* CN 2–3 (explaining that there is no constitutional right to a jury trial when the maximum period of imprisonment a defendant faces is less than six months)] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("[The appellate] courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not

fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Although pleadings from self-represented litigants are viewed with tolerance, "a [self-represented] litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327; *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (indicating that self-represented litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel).

{3}     With regard to Defendant's continued argument that the error was structural error and/or cumulative error, we note that both types of error first require *error* and, as we explained in our calendar notice, there was no error in the fact that there was no jury trial in the present case. [*See* CN 2–3] Such *non*-error does not rise to the level of structural error or cumulative error. *See State v. Hobbs*, 2016-NMCA-006, ¶ 11, 363 P.3d 1259 (noting that "[a] structural error is a defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself" (internal quotation marks and citation omitted)); *State v. Salas*, 2010-NMSC-028, ¶ 39, 148 N.M. 313, 236 P.3d 32 ("The doctrine of cumulative error applies when multiple *errors*, which by themselves do not constitute reversible error, are so serious

in the aggregate that they cumulatively deprive the defendant of a fair trial. In New Mexico the doctrine of cumulative error is strictly applied. It cannot be invoked when the record as a whole demonstrates that the defendant received a fair trial." (emphasis added) (internal quotation marks and citations omitted)); *see also Arizona v. Fulminante*, 499 U.S. 279, 310 (1991) (indicating that a structural error is a "constitutional *deprivation*[ ] . . . affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself" (Emphasis added)).

**{4}** With regard to Defendant's continued argument that he had a legitimate expectation that he would have a jury trial and was thus entitled to one, we note that we are aware of no authority that creates a right to a jury trial based solely on a defendant's purported legitimate expectation to one, and Defendant cites no such authority. As such, we assume none exists. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 (stating that "[w]e will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists").

**{5}** With regard to Defendant's argument that the State did not file a timely memorandum in opposition to our first calendar notice, we briefly note that the record does not reflect that this is the case. Our first calendar notice was filed December 6, 2016, and the State's motion for an extension was filed on December 28, 2016, which

was within the twenty plus three days allowed for memoranda in response to notices of proposed disposition to be filed. *See* Rule 12-210(D)(3) NMRA (providing twenty days to respond to a notice of proposed disposition); Rule 12-308(B) NMRA (providing an additional three days for deadlines when service is made by mail). The extension was granted by this Court to January 5, 2017, and the State's memorandum in opposition was thereafter timely filed on January 5, 2017.

**{6}** Finally, we note that Defendant does not respond to our proposed disposition with regard to the second issue raised by Defendant in his docketing statement. [*See* CN 3–6] We therefore consider such issue abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that, when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{7}** As Defendant has not shown error, *see State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that the party claiming error bears the burden of showing error), we affirm Defendant's convictions.

**{8}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

5

_____

**JAMES J. WECHSLER, Judge**


_____

**J. MILES HANISEE, Judge**