This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SUSAN LEA,**

Plaintiff/Counterdefendant-Appellant,

**v.**                                                           **No. A-1-CA-36174**

**PATRICK KEARNY, TEDDY KEARNY,**
**and DOES 1 through 50, Inclusive,**

Defendants/Counterclaimants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Mercedes C. Murphy, District Judge**

Susan Lea
Studio City, CA

Pro Se Appellant

Barncastle Law Firm
Samantha R. Barncastle
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}      Plaintiff Susan Lea, a self-represented litigant, contends that the district court

erred by denying her Rule 1-015(A) NMRA motion to amend her complaint. [DS 3] This Court issued a notice of proposed summary disposition proposing to affirm, and Plaintiff has filed a timely memorandum in opposition. We have duly considered her response and remain unpersuaded that the district court erred. Therefore, we affirm.

{2} After filing her original complaint against Defendants Patrick Kearny and Teddy Kearny (Defendants Kearny) and "Does 1 through 50, Inclusive" under various legal theories for alleged violations of restrictive covenants, Plaintiff sought to amend her complaint to add governmental agencies and/or governmental employees as defendants for alleged violations of the New Mexico Tort Claims Act (the TCA), NMSA 1978, §§ 41-4-1 to -30 (1976, as amended through 2015), and the New Mexico Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2013). [CN 2-3; *see id.* 2, n.1 (noting that Plaintiff identified the proposed defendants differently in different pleadings)] The district court denied Plaintiff's motion to amend, as well as her motion to reconsider. [CN 3-4]

{3} In its written order denying Plaintiff's motion to amend, the district court found that the proposed amended complaint "fail[ed] to allege facts to establish that there would be a waiver of governmental immunity"; "fail[ed] to allege facts to establish that the Proposed State Defendants violated the Due Process Clause or the Equal

Protection Clause, or any other right afforded under the Constitution of the State of New Mexico"; and "[i]t would be futile to permit Plaintiff to file the Proposed Amended Complaint adding the Proposed State Defendants to this lawsuit[.]" [2 RP 356-57]

{4}    In our notice of proposed disposition, we acknowledged that leave to amend a complaint "shall be freely given when justice so requires." [CN 2 (quoting Rule 1-015(A) NMRA)] Nevertheless, we were not convinced that the district court abused its discretion in denying Plaintiff's motion to amend her complaint. [CN 2-3] *See Alliance Health of Santa Teresa, Inc. v. Nat'l Presto Indus., Inc.*, 2007-NMCA-157, ¶ 26, 143 N.M. 133, 173 P.3d 55 (stating that we review the denial of such a motion for an abuse of discretion). In light of the district court's findings, we suggested that the district court did not abuse its discretion in denying Plaintiff's motion to amend her complaint to include a TCA claim that appeared to be futile. [CN 5] *See id.* ("An abuse of discretion occurs when the district court exceeds the bounds of reason, all the circumstances before it being considered." (internal quotation marks and citation omitted)); *see also Krieger v. Wilson Corp.*, 2006-NMCA-034, ¶ 24, 139 N.M. 274, 131 P.3d 661 (stating that "[a] party ought to be afforded an opportunity to test its claim on the merits, and amendment should be allowed in the absence of a showing of . . . futility of the amendment"). Additionally, we proposed to conclude that

3

Plaintiff had not demonstrated that the district court erred in denying her motion to amend the complaint to add an IPRA claim. [CN 5] *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate courts presume that the district court is correct and the burden is on the appellant to clearly demonstrate that the lower court erred).

{5}     In her response, Plaintiff primarily reiterates the arguments she made in her docketing statement and motion to reconsider. [*See generally* MIO 2-8; *see also* DS 2-5; 2 RP 309-14, 341-44, 410-11 ] However, reiteration of previous arguments fails to convince us that the analysis contained in our proposed disposition is in error. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{6}     Additionally, Plaintiff argues she is not required to file a brief to prove that she has a right to sue the Proposed State Defendants, and also that no briefs have been filed to establish (1) futility, (2) that there has not been a waiver of governmental immunity, and (3) that the Proposed State Defendants did not violate the Due Process Clause, the Equal Protection Clause, or any other right afforded under the Constitution of the State of New Mexico [MIO 5]. These arguments are likewise not persuasive. As the claimant, Plaintiff had to allege facts to support her claims for relief in her

4

proposed amended complaint. *See Derringer v. State*, 2003-NMCA-073, ¶ 5, 133 N.M. 721, 68 P.3d 961 (stating that the "pleadings must tell a story from which the essential elements prerequisite to the granting of the relief sought can be found or reasonably inferred" (alterations, internal quotation marks, and citation omitted)). As discussed in our notice of proposed disposition, following briefing and a hearing on Plaintiff's motion to amend her complaint, the district court found that the proposed amended complaint failed to allege facts to support her claims for relief. [CN 4-5]

**{7}** While we note that Plaintiff is a self-represented litigant, "a [self-represented] litigant, having chosen to represent [herself], is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327; *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (indicating that self-represented litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel).

**{8}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{9}** **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**HENRY M. BOHNHOFF,Judge**