This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CHARLES M. CRUIKSHANK,**

Petitioner-Appellant,

v.                                                            **No. A-1-CA-36623**

**LEWIS M. STEWART, JR.,**
**Personal Representative**

Respondent-Appellee,

**IN THE MATTER OF THE ESTATE OF**
**HANNAH HOLLIDAY STEWART, Deceased.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy Jean Franchini, District Judge**

Charles M. Cruikshank
Mount Vernon, WA

Pro Se Appellant

Modrall, Sperling, Roehl, Harris & Sisk
Rufus E. Thompson
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Charles M. Cruikshank, a self-represented litigant, appeals from the order of complete settlement of the estate of Hannah Holliday Stewart. We issued a notice of proposed summary disposition in which we proposed to affirm. Cruikshank has filed a memorandum in opposition to our notice of proposed disposition; Lewis M. Stewart, Jr., the personal representative of the estate (Personal Representative) filed a memorandum in support of our notice of proposed disposition; and the parties filed additional pleadings outside the scope of Rule 12-210(D) NMRA, our summary calendar rule. We do not find Cruikshank's arguments persuasive, and therefore, we affirm.

{2}     We previously set forth the relevant background information and principles of law in the notice of proposed summary disposition. We will not reiterate them here. Instead, we will focus on the content of the memorandum in opposition.

{3}     In his memorandum in opposition, Cruikshank asked this Court for an extension of time to respond to the Personal Representative's memorandum in support of our notice of proposed disposition. [MIO 4] This request appears to be moot given the pleadings that were filed thereafter. Accordingly, we deny Cruikshank's request as moot.

{4}     Additionally, Cruikshank continues to raise the same six issues that he raised in his docketing statement and that were addressed in our notice of proposed of

disposition. [MIO 4-9] However, he does not provide new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris,* 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{5}      To the extent Cruikshank takes issue with Rule 12-208 NMRA, governing docketing statements, and his unfamiliarity with this Rule [MIO 1-2], we note that he chose to represent himself in this Court, and we hold him to the same standard of compliance with our rules as licensed attorneys in this state. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that "we regard pleadings from pro se litigants with a tolerant eye, but a pro se litigant is not entitled to special privileges because of his pro se status" and that a pro se party "who has chosen to represent himself[ ] must comply with the rules and orders of the court, and will not be entitled to greater rights than those litigants who employ counsel").

**{6}** We are not convinced that Cruikshank has demonstrated error on appeal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that appellate courts employ a presumption of correctness in the rulings of the district court and the burden is on the appellant to clearly demonstrate error). Therefore, for the reasons set forth in our notice of proposed disposition and in this opinion, we affirm.

**{7}** **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**DANIEL J. GALLEGOS, Judge**