This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37924

**CITY OF ROSWELL,**

    Plaintiff-Appellee,

v.

**FRANK A. LUCERO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Office of the City Attorney
Parker W. Patterson
Roswell, NM

for Appellee

Frank A. Lucero
Roswell, NM

Pro Se Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant, a self-represented litigant, appeals from the district court's judgment and sentence convicting him for five violations of the Roswell Traffic Code and ordering him to serve ten days in county jail and pay various fines totaling $790. Unpersuaded that Defendant's docketing statement demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with an unopposed motion for leave to file an amended docketing statement and an amended version of that motion. The motion was a bare request to file an amended docketing statement without demonstrating appropriate grounds we consider in

exercising our discretion whether to grant or deny a request to amend the docketing statement.

**{2}**     In response to this motion, instead of denying the noncompliant motion to amend the docketing statement, this Court issued an order explaining to Defendant that we will grant a motion to amend a docketing statement to add issues under the conditions listed in the order, as is set forth in *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309, and *State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23. In further assistance to Defendant, we explained the procedure Defendant should follow in seeking to amend his docketing statement to add issues or oppose our proposed analysis or both. We further explained how this Court will proceed in response to the procedural options Defendant could follow. We chose to assist Defendant in his apparent misunderstanding of the calendaring standards and procedures, and treated his noncompliant motion to amend as a motion to extend the time to file a response to our notice consistent with the standards and procedures provided in the order. We explained that no further extensions will be granted.

**{3}**     In response to this Court's order, Defendant filed a document in opposition to the proposed summary disposition. Although this document does not fully comply with either of the responsive documents contemplated by our order, we treat and refer to this document as a memorandum in opposition.

**{4}**     The memorandum in opposition scrutinizes the procedure we set forth in our order, contends that the procedure is not supported in our Rules of Appellate Procedure, and complains that the rules are ambiguous. [MIO 1-2] Defendant now seems to contend that the ambiguity in the rules and his lack of legal proficiency constitute good cause for why we should grant Defendant's request to amend his docketing statement. [MIO 2] This is not among the grounds for granting a motion to amend set forth in our case law or in our order. [Order 1-2] *See also Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (explaining that in this Court self-represented litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel). Also, this Court's order was not ambiguous and generously explained the content and procedure required of Defendant in response to our notice. Complaining about our order and the rules does not satisfy the content requirements for a motion to amend or comply with the procedure we described.

**{5}**     As to the merits of Defendant's issues, the memorandum in opposition asserts that, in addressing the first issue, this Court's notice relied on an improper ordinance in the record. [MIO 3] However, Defendant does not provide us with the proper ordinance or explain the impact of the differences between the ordinances on our analysis. [MIO 3] This does not demonstrate error. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come

forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *cf. In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

**{6}** Similarly, the memorandum in opposition asserts without elaboration that our "proposed holding on Issue 1 is in conflict with statutory penalties allowed for municipal ordinances in NMSA 1978[, Section] 3-17-1[C)(1) (1993)]." [MIO 3] Section 3-17-1(C)(1) requires ordinances to be consistent with state statutes where the sentence is "a fine of not more than five hundred dollars ($500) or imprisonment for not more than ninety days or both." Based on the issue as it was presented in the docketing statement, our notice proposed to agree with the district court that including Roswell Ordinance Section 12-6-12.6 (driving on a suspended license) among the "penalty assessment misdemeanors," subject to only a $15.00 fine, is expressly prohibited by NMSA 1978, Section 66-5-39(A) (2013, amended 2019) (stating that driving on a suspended license is a misdemeanor that can be punished by a term of imprisonment of no less than four days and no more than 364 days and the imposition of a fine not exceeding $1,000, and stating that municipalities "shall provide penalties no less stringent than provided in this section"). Defendant does not explain why he believes Section 3-17-1(C)(1) applies to his sentence for driving on a suspended license, which is punishable by different terms under Section 66-5-39(A) than those governed by Section 3-17-1(C)(1).

**{7}** Even assuming Section 3-17-1(C)(1) would apply to the penalty for driving on a suspended license, Defendant does not explain how he was affected by any alleged conflict in the penalties. The district court sentenced him to ten days in the county detention center and imposed a $300 fine; and Section 3-17-1(C)(1) requires consistency between ordinances and state statutes where the sentence is "a fine of not more than five hundred dollars ($500) or imprisonment for not more than ninety days or both." Thus, even if there were a conflict, the district court's sentence seems to fall under the restriction in Section 3-17-1(C)(1), upon which Defendant now relies. "In the absence of prejudice, there is no reversible error." *State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104. Based on the foregoing, we are not persuaded that Defendant established error in the district court's sentence.

**{8}** Lastly, the memorandum in opposition asserts that as to the remaining five issues analyzed in our notice, he will draft an amended docketing statement that "will fix all the problems of incompleteness with his original DS." [MIO 3-4] The response Defendant filed to our notice and order was Defendant's opportunity accomplish this goal. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10; *see also* Rule 12-210(D)(2) NMRA. Also, as reflected in our order, the appellate rules, and our case law, a motion to amend the docketing statement is used to add *issues*. [Order 1] *See* Rule 12-210(D)(2); *Rael*, 1983-NMCA-081, ¶ 15. A motion to amend is not necessary or appropriate to simply add information to support the issues raised in the docketing statement, information that should have been supplied by the docketing statement. *See* Rule 12-208(D)(3) NMRA (requiring the docketing statement to contain

"a concise, accurate statement of the case summarizing *all facts* material to a consideration of the issues presented" (emphasis added)). As stated above, the rules and our case law require that the memorandum in opposition set forth specific reasons in law and fact why our proposed disposition is incorrect; a motion to amend the docketing statement to add issues will not accomplish this purpose of the memorandum in opposition.

**{9}** Further, our order treated Defendant's noncompliant motion to amend as a motion to extend the time to file something in compliance with our rules and case law, given that either a motion to amend the docketing statement or a memorandum in opposition needed to have been filed within twenty days of our notice. *See* Rule 12-210(D)(2). Our order extended the time for Defendant to file either a memorandum in opposition or a motion to amend the docketing statement or both and informed Defendant that no further extensions for filing a response to our notice, in any form, will be granted. To the extent Defendant continues to seek leave to file a motion to amend, it is untimely and otherwise fails to comply with the rules, case law, and order of this Court.

**{10}** For the reasons stated in our notice of proposed summary disposition and in this opinion, we affirm the district court's judgment and sentence.

**{11}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**BRIANA H. ZAMORA, Judge**