This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39153**

**KEVIN OGDEN,**

Petitioner-Appellant,

v.

**STATE OF NEW MEXICO and
WARDEN,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Douglas R. Driggers, District Judge**

Kevin Ogden
Hobbs, NM

Pro Se Appellant

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellees

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Kevin Ogden (Defendant) appeals from the district court's order denying his petition for post-sentence relief under Rule 5-803 NMRA. We entered a notice of proposed disposition, proposing to affirm. Defendant filed a "memorandum brief" in opposition to that notice as well as a motion to amend his docketing statement and a proposed amended docketing statement, which we have duly considered. Unpersuaded, we affirm. We deny the motion to amend as non-viable.

**{2}** On appeal, Defendant raises numerous contentions of error in his underlying plea and sentence as well as the district court's denial of his Rule 5-803 petition. Our

notice of proposed disposition proposed to affirm. We generally suggested that no authority supported Defendant's positions and that the available record supported the district court's findings regarding Defendant's challenged 1989 plea. [CN 3, 7, 10] We also proposed to specifically conclude that Defendant had not demonstrated error regarding: his competency at the time he entered into the plea agreement [CN 1-5]; the voluntariness of his plea [CN 6-7]; the sufficiency of the evidence supporting the embezzlement charge pled to [CN 7-9]; any deficiency or denial of counsel [CN 9-11]; his sentence and probation revocation [CN 11-13]; and the district court's written orders in the Rule 5-803 case [CN 13-14].

{3}     In his memorandum in opposition, Defendant restates many of these same arguments addressed in the calendar notice by simply rejecting the notice without engaging with or responding to the analysis of the proposed disposition. A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). To the extent Defendant has largely repeated the same arguments we have already proposed were unpersuasive, such is insufficient to demonstrate error.

{4}     Defendant also seeks to add additional arguments in his motion to amend the docketing statement, proposed amended docketing statement, and throughout the "memorandum brief." As best this Court can discern, Defendant newly asserts that the district court judge presiding over Defendant's Rule 5-803 petition had a conflict of interest as he was the district attorney at some point during Defendant's underlying sentence [Am. DS PDF 1-2, MIO PDF 25], and that the "district court judge illegally had [Defendant] transported to Las Cruces" for the hearing held on remand, which Defendant contends resulted in him being injured during the course of transport [MIO PDF 22]. We note that Defendant's asserted "Issue 2" in his proposed amended docketing statement is an amalgam of arguments regarding the issues already raised in the initial docketing statement, and we do not consider them to assert new issues. [Am. DS PDF 2-5]

{5}     In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-

NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{6}** Regarding Defendant's new allegation of a conflict or bias by the district court, he attaches a request for unsatisfactory discharge indicating that in 1991, the prosecutor receiving the request for unsatisfactory discharge was Douglas Driggers, who is the current district court judge presiding in Defendant's Rule 5-803 case. [MIO PDF 25, 43] Defendant asserts that this thirty-year-old document sent to Judge Driggers indicates a conflict of interest in his handling of Defendant's Rule 5-803 petition. [MIO PDF 25]

**{7}** Rule 5-106(H) NMRA states that: "[n]o district judge shall sit in any action in which the judge's impartiality may reasonably be questioned under the provisions of the Constitution of New Mexico or the Code of Judicial Conduct, and the judge shall file a recusal in any such action." We note that Rule 5-106(H) does not require the recusal of a district court judge or the removal of a prosecutor based on the judge or prosecutor's prior work as a prosecutor, whether such prior prosecution involved the present defendant or not. *See id.*; *see also State v. Trujillo*, 2009-NMCA-128, ¶¶ 9-12, 147 N.M. 334, 222 P.3d 1040 (finding no error in a judge's denial of a motion to recuse despite the judge's purported prior knowledge of the defendant and stating that, "[i]n order to require recusal, bias must be of a *personal nature* against the party seeking recusal" (emphasis added) (internal quotation marks and citation omitted); *Purpura v. Purpura*, 1993-NMCA-001, ¶ 16, 115 N.M. 80, 847 P.2d 314 ("[A] judge shall recuse himself or herself in any proceeding in which the judge has a *personal bias* or prejudice concerning a party." (emphasis added) (internal quotation marks and citations omitted)); *State v. Hernandez*, 1993-NMSC-007, ¶ 44, 115 N.M. 6, 846 P.2d 312 ("Personal bias cannot be inferred from an adverse ruling[.]"); *State v. Trujillo*, 2012-NMCA-112, ¶ 56, 289 P.3d 238 (explaining that, "[i]n order to disqualify a prosecutor, [the d]efendant must make a showing of particular circumstances that justifies an inference of a disqualifying interest[,]" and that "[b]ias is one such disqualifying interest. The personal bias that is disqualifying, however, is a bias that creates an opportunity for conflict or other improper influence on professional judgment. There must be a basis in fact for a determination such bias exists" (internal quotation marks and citations omitted)); *State v. Juan*, 2010-NMSC-041, ¶ 32, 148 N.M. 747, 242 P.3d 314 (stating that a court will remove a prosecutor based upon "a conflict of interest where the prosecutor has a prior or current relationship with the defendant that either made the prosecutor privy to relevant, confidential information or where their relationship has created an interfering personal interest or bias" (internal quotation marks and citation omitted)).

**{8}** Although Defendant claims that he has been prejudiced, he has not demonstrated any particular circumstances or personal bias or prejudice in this case. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). "In the absence of prejudice, there is no reversible error." *State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104. We note that to the extent Defendant relies on his own claims of prejudice in his filings to this Court, "[a]rgument of counsel is not evidence." *State v. Cordova*, 2014-NMCA-081, ¶ 14, 331 P.3d 980; *see Bruce v. Lester*, 1999-NMCA-051,

¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that self-represented litigants must comply with the rules and orders of the court and will not be treated differently from litigants with counsel).

**{9}**     Turning to Defendant's allegations of "illegal transport" resulting in injuries, Defendant cites no authority, and this Court is aware of none, which prevents a district court judge from requiring a Defendant in custody to appear at a hearing. *See* LR3-301 NMRA (providing the procedure for transporting persons in custody at the order of the Third Judicial District Court). Regarding Defendant's accusations of the district court arranging for the transport for the purpose of injury, we repeat that argument is not evidence. *See Cordova*, 2014-NMCA-081, ¶ 10. We deny the motion to amend as it has not presented any viable issues. *See Moore*, 1989-NMCA-073, ¶¶ 36-51.

**{10}**     We remain unpersuaded that Defendant has demonstrated any error by the district court. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court). Accordingly, and for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{11}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**