This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39276**

**ARTHUR E. GALLEGOS,**

Plaintiff-Appellant,

v.

**JOHN ADAMS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Emilio J. Chavez, District Judge**

Arthur E. Gallegos
Mount Vernon, WA

Pro Se Appellant

Alan H. Maestas
Taos, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     Plaintiff appeals a final judgment following trial de novo. [MIO 1] This Court issued a notice of proposed disposition proposing to affirm, largely because Plaintiff's docketing statement did not provide us with information necessary to resolve issues raised in the docketing statement. Noting that Plaintiff is representing himself in this appeal, our notice explained that Plaintiff could respond to the notice "with a memorandum in opposition to summary disposition that includes a summary of the necessary facts." [CN 5-6] Plaintiff has filed a memorandum in opposition to our proposed disposition in which he asserts that he "submitted a thorough [d]ocketing

[s]tatement." [MIO 2] Having duly considered that memorandum, we remain unpersuaded and affirm.

{2}     In his memorandum, Plaintiff continues to assert that the district court erred by failing to review his exhibits prior to trial, by neglecting to consider a delay in payment of a contract, and by not awarding him his costs. [MIO 1, 2] Plaintiff also asserts that this Court has failed to "fully examine the evidence" in arriving at our proposed disposition. [MIO 1, 2] As our notice explained, however, our appellate rules require that

> we review the proceedings that occurred in the district court, rather than receiving evidence or otherwise re-trying the case. Thus, in this Court's review of the district court proceedings, it is our job to determine whether error occurred in the course of the trial that took place before the district court. . . . In order to review that district court trial, our rules require that appellants include in the docketing statement "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented." Rule 12-208(D)(3) NMRA. Thus, the party filing an appeal must provide this Court with a recitation of all relevant facts, including facts that supported the decision of the district court. *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268. We also require that an appellant provide a short statement of how each issue was raised and preserved for review. Rule 12-208(D)(4). This means that we need to know how the parties alerted the trial court to an issue by, for instance, objecting to the admission of evidence or requesting that the court do something other than what it did. And, finally, appellants must provide us with some authority, such as a rule or an appellate opinion that the appellant believes was not followed by the trial court. Rule 12-208(D)(5). These requirements in our rules are necessary because, in the process of calendaring appeals, this Court relies upon the docketing statement to serve as a fair substitute for the complete record on appeal. *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353.

[CN 3-4]

{3}     We reiterate that although this Court views pleadings from self-represented parties with tolerance, it is not proper for this Court, as an impartial tribunal, to guess at what a party's argument might be, to search the record below for potential error, or to otherwise perform the role of an advocate. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (pleadings from self-represented parties are viewed "with a tolerant eye"); *see also Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that this Court cannot guess at unclear arguments); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 (stating that this Court should not provide its own support for a party's arguments by searching through the record). Thus, in furtherance of maintaining an appropriately neutral role in the adjudicatory process, we require the appellant, and not this Court, to "affirmatively demonstrate [his] assertion of error." *Farmers, Inc., v. Dal Mach. & Fabricating, Inc.*,

1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063; *see Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (explaining that a "party opposing the proposed disposition [must] clearly point out errors in fact or law").

**{4}**     Unfortunately, Plaintiff's memorandum in opposition to summary affirmance leaves this Court largely in the same position it was in prior to receiving that memorandum. Rather than direct our attention to the evidence received by the district court, the arguments advanced before that court, or any controlling authority that the district court misapplied, Plaintiff's memorandum instructs this Court to listen to recordings of hearings conducted below, apparently so that we might figure out what arguments Plaintiff is advancing, how he presented them to the district court, what evidence supported his position, and more generally, how the district court committed error. [MIO 1, 2] In essence, Plaintiff asks this Court to do the work of an advocate. As already noted, it would not be proper for this Court to perform that role.

**{5}**     Plaintiff's memorandum continues to assert that he provided the district court with documents prior to trial, but that the court "had not reviewed them before the hearing." [MIO 1] We are aware of no rule that would require the district court to review trial evidence before the commencement of the trial in which the admissibility of that evidence will be determined. Plaintiff does not direct us to any such rule. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (noting that in order to present an issue for this Court's review on appeal, the appellant must submit relevant authority as required by our rules). Similarly, Plaintiff continues to assert that the district court "neglected" to consider Defendant's fourteen-month delay in paying him for a bale of hay. [MIO 1] It remains unclear how this issue was presented to the district court. Generally, Plaintiff asserts that he did not have "sufficient time to explain the events leading up to the civil complaint" and that the district court "did not accept some of the documents that Plaintiff submitted as evidence" due to a lack of authentication. [MIO 2] Plaintiff's memorandum does not, however, "identify for this Court what specific evidence was rejected and inform us regarding what testimony or other evidence was offered to authenticate the rejected evidence," as our notice explained would be necessary for us to assess evidentiary issues. [CN 11]

**{6}**     Plaintiff also continues to seek an award of his costs, asserting that the district court erred in concluding that Defendant was the prevailing party. [MIO 2]As we noted in our notice of proposed disposition, Plaintiff's docketing statement did not suggest any way in which the district court erred in making that determination. [CN 9] *See Mayeux v. Winder*, 2006-NMCA-028, ¶¶ 41-42, 139 N.M. 235, 131 P.3d 85 (stating that a prevailing party includes "a defendant who avoids an adverse judgment" (internal quotation marks and citation omitted)). In his memorandum, Plaintiff still does not suggest any way in which the district court abused its discretion, considering the final outcome of this case. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a memorandum opposing summary disposition), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{7}** Finally, Plaintiff generally asserts that Defendant "withheld payment for [fourteen] months, . . . failed to attend several court-required hearings, demeaned . . . Plaintiff throughout the process, . . . and us[ed] derogatory remarks." [MIO 2] Although we do not condone or encourage demeaning or derogatory conduct by parties, we remain in no position to address these wholly undeveloped issues. *See Headley*, 2005-NMCA-045, ¶ 15 (noting that this Court does not review undeveloped arguments). Ultimately, Plaintiff has not met his burden on appeal of explaining the errors he would have us correct, leaving us in no position to reverse the rulings and decisions of the district court. *See Mondragon*, 1988-NMCA-027, ¶ 10 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact.").

**{8}** Accordingly, the district court's judgment is affirmed.

**{9}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**