This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42409**

**ACEQUIA MADRE DE ARROYO
SECO Y DEL RIO LUCERO (AMRLAS);
BRIAN DURAN, individually and as
Commissioner of AMRLAS; JUAN GARCIA,
individually and as Commissioner of
AMRLAS; CHRIS PIEPER, individually
and as Commissioner of AMRLAS; and
ARNOLD QUINTANA, individually and
as Mayordomo of AMRLAS,**

Plaintiffs-Appellees,

v.

**THOMAS DURAN, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Emilio Chavez, District Court Judge**

Crollett & McDowell, P.A.
Robert Crollett
Taos, NM

for Appellees

Thomas Duran, Jr.
Rio Rancho, NM

Pro Se Appellant

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Defendant Thomas Duran Jr., a self-represented litigant, appeals from the district court's order entering a permanent injunction against Defendant. We issued a calendar notice proposing to affirm. Plaintiffs have filed a motion in support and Defendant has filed a memorandum in opposition, both of which we have duly considered. We affirm.

**{2}** In the memorandum in opposition, Defendant continues to assert error in the district court's failure to consider Defendant's evidence, contending that his attorney failed to submit the evidence to the district court. [MIO 2] Defendant's attorney withdrew from representation on May 6, 2024, and the district court held the merits hearing on November 7, 2024. [RP 60, 70-71] As discussed in our proposed disposition, the district court admitted the evidence Defendant proffered during the merits hearing. [CN 4] Given the delay between the attorney's withdrawal and the merits hearing, Defendant's failure to explain why that delay was insufficient to allow him to proffer the video evidence on his own behalf, and Defendant's successful proffer of at least some evidence during the hearing, we conclude Defendant's assertion of error is unpersuasive.

**{3}** Defendant also contends that a video Plaintiffs submitted to the district court was "altered/manufactured" and should not have been included in this case. [MIO 3] The record indicates that during the merits hearing, Defendant alerted the district court to his belief that the video was fake and created to make him look bad. [RP 81] As discussed in our proposed disposition, Defendant's assertion of error as to the video functionally asserts the district court erred in failing to rule in his favor. [CN 5] However, we will not substitute our judgment on appeal for that of the fact-finder. [CN 5] *Clark v. Clark*, 2014-NMCA-030, ¶ 26, 320 P.3d 991; *see Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses"). The district court is entitled to resolve any conflicts in the evidence, and this Court will not reweigh the evidence on appeal. *See Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact-finder").

**{4}** A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Further, the burden is firmly on the party opposing the proposed disposition to demonstrate error. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error."); *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, we conclude Defendant has failed to demonstrate the district court committed reversible error.

**{5}** Defendant also raises new issues that were not presented in the docketing statement, which we construe as a motion to amend the docketing statement. *See* Rule 12-210(D)(2) NMRA (stating, "[t]he parties shall not argue issues that are not contained in either the docketing statement or the statement of the issues[,]" but permitting the appellant to move to amend the docketing statement upon good cause shown, which can be combined with a memorandum in opposition). This Court will grant such a motion to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309.

**{6}** Defendant asserts that Plaintiffs' counsel had a conflict of interest and "should not have taken on this case." [MIO 3] Defendant, however, has not pointed to facts in the record to support this claim, identified anything to indicate he preserved this argument by presenting it to the district court, or cited to any legal authority to support his assertion. *See Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (stating that an appellate court reviews only matters that were presented to the trial court); *ITT Educ. Servs., Inc. v. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (refusing to consider a proposition that was unsupported by citation to authority); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

**{7}** Defendant also asserts his attorney "did not provide due diligence" in failing to schedule mediation. [MIO 2] We understand Defendant to assert he did not receive effective assistance of counsel. In a civil case such as this one, however, neither party has a right to counsel at all, *see Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84, and thus the lack of effective assistance of counsel is not a basis for relief from a civil judgment. *See generally State v. Dyke*, 2020-NMCA-013, ¶ 30, 456 P.3d 1125 (recognizing that the Sixth Amendment guarantees defendants in criminal proceedings the right to effective assistance of counsel).

**{8}** Accordingly, we deem these issues nonviable and deny Defendant's motion to amend. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that are not viable), *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{9}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10}   IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**KATHERINE A. WRAY, Judge**